91 So.2d 862 (1957)
W.E. HOLLEY and Hallie Holley, Appellants,
v.
James KELLEY, Appellee.
Supreme Court of Florida. Special Division A.
January 11, 1957.
*863 S.M. Preacher, De Funiak Springs, and Coe & Coe, Pensacola, for appellants.
Thos. D. Beasley and A.G. Campbell, Jr., De Funiak Springs, for appellee.
HOBSON, Justice.
Defendants prosecute this appeal from judgment of the circuit court entered consequent upon a general verdict for the plaintiff in the amount of $1,000.
This litigation arose out of an altercation which took place when the plaintiff and others were discovered upon the land of the defendants on what was apparently a hunting expedition. The complaint was in two counts, one for assault and the other for false imprisonment.
The assault count charged in very general terms that the defendants assaulted the plaintiff with shotguns, placing plaintiff in fear of death or great bodily harm, and the false imprisonment count charged, also in very general terms, that defendants imprisoned the plaintiff against his will for the space of five hours "without any reasonable or probable cause whatsoever". Defendants denied the allegations of the complaint and pleaded affirmatively "that the plaintiff at all times mentioned in the complaint was a willful trespasser upon their lands and such acts as were done by them were done in a lawful effort to repel such trespass after the plaintiff had been bidden to depart."
At the trial the evidence was in sharp conflict. The plaintiff and his witnesses testified that they came upon the land to "run cats" with their dogs, that they were unarmed, and that the defendants held the plaintiff and others at gun-point, putting the plaintiff in great fear for his life and preventing his departure. The defendants testified that at least one of the plaintiff's party was armed, that defendants had requested that the plaintiff and his party leave the land, since they were hunting deer out of season and were careless with matches, creating a fire hazard, but that plaintiff and his party had flatly refused to leave, and that the very mild steps taken to procure their departure were instituted by the defendants to protect their property from real or threatened depredations at the hands of the invaders.
We express no opinion as to the sufficiency of the allegations of the complaint, since the matter is not before us. The testimony of the plaintiff and his witnesses, however, if believed by the jury, would justify recovery by the plaintiff, at least under the assault theory. On the other hand, the testimony of defendants and their witnesses, particularly in aid of their affirmative defense, if believed by the jury, would justify dismissal of the action.
*864 Defendants, as appellants, contend that it was error to refuse to give certain instructions which they had duly requested. It would serve no useful purpose to review these instructions in detail, because they could be summed up in a single instruction to the effect that if a trespasser upon the land of another refuses to depart upon request, the owner is authorized to use reasonable and appropriate means to eject the trespasser from his premises. See 4 Am.Jur., Assault and Battery, Sec. 69, and cases cited. See also Alday v. State, Fla., 57 So.2d 333. We have reviewed the entire charge given by the court, and find this elementary principle nowhere included. The court did charge that "any entry upon the land of another, enclosed or unenclosed, without the owner's consent, is a trespass, and if the owner or his agent bids the trespasser depart he is, under the law, obligated to do so, and a refusal so to do is unlawful. However, a refusal, that is, to depart from the land, would not be a justification for the acts complained of committed by the means and in the manner alleged in the complaint." This charge, however, does not comprehend the basic principle contended for by appellants. Although it states that a refusal by a trespasser to depart, when asked, is unlawful, it does not inform the jury of the consequences of such unlawful conduct in this case, or apprise the jury of any standard of conduct on the part of defendants which might have been justifiably used by such defendants if the jury elected to believe all or a part of their version of the case. The allegations of the complaint were so general that the qualification stated by the court, i.e., that a refusal to depart "would not be a justification for the acts complained of committed by the means and in the manner alleged in the complaint", might well have tended to confuse the jury and to cause them to believe that under no view of the evidence, so long as a show of force on the part of defendants had been established, would they be authorized to issue a verdict for defendants.
Where the evidence is inconclusive or conflicting, the failure of the trial judge to provide a charge which lays down standards for the jury to follow under varying permissible views of the evidence constitutes reversible error. Loftin v. Skelton, 152 Fla. 437, 12 So.2d 175; Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623. And see Luster v. Moore, Fla., 78 So.2d 87.
A further point is raised, but because of the view we take of the case it need not be resolved upon this appeal.
Reversed and remanded.
TERRELL, C.J., THORNAL, J., and PEARSON, Associate Justice, concur.