93 So.2d 863 (1957)
Ray BARNES, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida, Special Division B.
March 27, 1957.
J. Lewis Hall, Tallahassee, Strayhorn & Strayhorn, Fort Myers, and Farr & Farr, Punta Gorda, for appellant.
Richard W. Ervin, Atty. Gen., and Jack A. Sudduth, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
Appellant Barnes was convicted of assault with intent to murder one Bill Piper and has appealed from the judgment of conviction. The controlling issue on this appeal is the propriety of the trial judge's *864 refusal to give a charge to the jury requested by the appellant.
Barnes, a state wildlife officer, agreed to help Bill Piper hunt some wild hogs on Piper's pasture. An altercation developed at the pasture among Barnes, Bill Piper, and Piper's nephew, David. In the ensuing fight, Barnes was beaten and kicked by his opponents and his pistol was taken away from him by Bill Piper. Barnes retired from the scene with a cracked rib and other injuries and went back to his home in town. After patching up his wounds, he took his shotgun and obtained some shells for it at the hardware store, telling the clerk he was going to kill an alligator. He then drove back in the general direction of Piper's pasture, and on the way met one Fred Wilsky who told him that he had heard some shooting in the area and thought someone might be shooting a deer or turkey out of season. David Piper and another young man in David's jeep met Barnes on the road and turned around and went back to tell Bill Piper, who was following in his own jeep, that Barnes was coming down the road. Bill Piper continued on down the road and stopped when he saw Barnes parked on the side of the road. Both men got out of their vehicles, Barnes with his shotgun in his hand and Piper with Barnes' pistol. Barnes was apparently the first one to get out of his car. According to Piper's testimony he fired the pistol in the air to see if it had any shells in it and then shot Barnes in the leg when Barnes didn't stop as requested by Piper. At this point, Barnes fired at Piper and hit him in the leg. He then fired another shot and hit him in the neck.
The theory of Barnes' defense was that he was going about his usual business as a wildlife officer when the second altercation occurred, not only to shoot the alligator which someone had reported to him was in the area but also to investigate the shots that had been reported to him by state witness Wilsky; and that he had acted in self-defense when he shot Piper during the second altercation.
The trial judge's charge to the jury on the law of self-defense included a charge that if a man is in combat and after having retired therefrom returns to the scene for the purpose of renewing the combat and as a result of the renewal of the combat he slays or assaults his adversary to save his own life or to avoid great bodily harm, he cannot avail himself of the plea of self-defense. He refused, however, to give a charge requested by Barnes that a person has a right to go about his usual pursuits, even though he may anticipate an attack, and if in such pursuits the difficulty is renewed through no fault of his own, he may claim self-defense. This is a proper charge, if justified by the evidence. See Danford v. State, 53 Fla. 4, 43 So. 593; Pell v. State, 97 Fla. 650, 122 So. 110; 26 Am.Jur., Homicide, Sec. 148, p. 258. The refusal to give this charge is assigned as error here by Barnes.
It is well settled that "where the evidence is inconclusive or conflicting, the failure of the trial judge to provide a charge which lays down standards for the jury to follow under varying permissible views of the evidence constitutes reversible error." Holley v. Kelley, Fla. 1957, 91 So.2d 862, 864, and cases cited. Nor is there any legal principle more firmly established in our system of jurisprudence than that which makes the jury the sole arbiter of the credibility of the witnesses (except where contrary to demonstrable physical facts) including the reasonableness, probability and credibility of the testimony of the defendant. Cf. Tidwell v. State, 143 Fla. 397, 196 So. 837.
It is true that Wilsky testified that, after he told Barnes about the shots he had heard, Barnes said he was in a hurry to meet a man and would see about them later. And the trial judge, in declining to give the charge requested by Barnes, must have thought that Barnes' testimony as to his motives in returning to the area was, in all the circumstances, so improbable as to be unworthy of belief. But however *865 improbable, it was not demonstrably false, and the trial judge invaded the province of the jury when he disregarded it.
It was, then, error to refuse to give the charge requested by Barnes and it was clearly not harmless error.
Accordingly, the judgment appealed from should be reversed and the cause remanded for a new trial.
Reversed and remanded for new trial.
TERRELL, C.J., and THOMAS and O'CONNELL, JJ., concur.