WALDEN, Judge
(dissenting):
I am of the opinion that the trial court erred, under the facts, in failing to give an instruction upon the doctrine of last clear chance. While, as in many cases, there may be conflicting inferences and evidence, there is a fair basis in the record for the jury to believe that Mrs. McBee’s negligence, if any, had terminated at the time of the collisions. Thus, it was reversible error for the trial court to refuse to give a charge which laid down standards for the jury to follow under varying permissible views of the evidence, where the evidence was inconclusive or conflicting. Holley v. Kelley, Fla.1957, 91 So.2d 862; Barnes v. State, Fla.1957, 93 So.2d 863; Schweikert v. Palm Beach Speedway, Inc., Fla.1958, 100 So.2d 804.
I would reverse and remand for a new trial.