381 So.2d 326 (1980)
Craig R. BOWLES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2219/T4-251.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
*327 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Chief, Appellate Division, Asst. Public Defender, Denise Banjavic, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Bowles appeals his conviction of attempted sexual battery, trespass and assault after a jury trial, and the consequent sentence thereon.
The victim testified that appellant, whom she knew, entered her apartment through an open window while she was asleep, physically assaulted her and attempted to forcibly rape her. She stated that she struggled with him, called out hoping one of her neighbors would hear her, and during the struggle scratched the appellant and was bitten by him. She testified that appellant finally tired of the struggle grabbed up his clothes and ran out the back door of the apartment. The neighbor testified that she was awake and heard the commotion, heard the victim shout to her to call the police, heard the victim say "Craig (appellant's first name) get out of my house" several times and heard a male voice which she identified as appellant's.
The arresting officer testified that when he went to appellant's house about an hour after the incident, there were fresh, bleeding scratches on appellant's face and body. Appellant, testifying in his own behalf, admitted being in the apartment earlier that evening, although he said that he was there for a few minutes and left without incident. He denied the victim's allegations, denied the attack and denied the presence of scratches, or other marks on his face or body when arrested. As rebuttal, the State produced four police officers, each of whom testified without objection that they knew the general reputation of appellant in the community for truth and veracity, and that it was bad. Then, over objection, each was asked if he would believe the appellant under oath and each answered in the negative. Appellant argues that permitting a witness, and particularly four witnesses, to testify that they would not believe appellant under oath is prejudicial error in that the testimony invades the province of the jury which is the sole judge of the credibility of a witness and that the error is compounded by using police officers for that purpose. We agree and reverse.
Section 90.08, Florida Statutes (1977), permits the introduction into evidence of the general reputation of a witness to affect his credibility. It is clear that in a criminal prosecution when a defendant testifies, *328 his credibility can be tested in the same manner as with any other witness. Lebowitz v. State, 313 So.2d 473 (Fla. 3d DCA 1975); 81 Am.Jur.2d Witnesses, § 523. Long ago, the Supreme Court of Florida held that a witness could not be asked if the defendant was worthy of belief in the case after that witness had testified as to defendant's general reputation for truth and veracity. Maloy v. State, 52 Fla. 101, 41 So. 791 (1906). The court there held that:
"... the credibility of the defendant as a witness in this case was a question for the jury to determine without the aid of the opinion of another witness as to such credibility. The inquiry should have been confined to the general reputation of the defendant for truth and veracity ..." 41 So. at 792.
See also: Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977). This limitation to evidence of general reputation for truth and veracity seems to be the generally accepted rule in this country. McCormick on Evidence, 2d Ed. § 44; 98 C.J.S. Witnesses § 512. No legal principle is more firmly established in our system of jurisprudence than that which makes the jury the sole arbiter of the credibility of witnesses, including the reasonableness, probability and credibility of a defendant. Barnes v. State, 93 So.2d 863 (Fla. 1957).
The State asks us to consider the error, if any, to be harmless under Section 924.33, Florida Statutes (1977), but it is difficult to characterize the cumulative effect of the improper testimony of four police officers as harmless. Police officers, by virtue of their positions, rightfully bring with their testimony an air of authority and legitimacy. A jury is inclined to give great weight to their opinions as officers of the law, and the prosecutor in his final argument asked the jury to do just that. Absent the cumulative effect, such testimony might have been harmless in the light of the testimony here, but that is a point we need not decide in the light of this record.
Because the improper testimony impaired appellant's opportunity for a fair trial in this case, the judgment of conviction is reversed, the sentence set aside and the cause is remanded for a new trial.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.