570 So.2d 337 (1990)
Leonard GIANFRANCISCO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0023.
District Court of Appeal of Florida, Fourth District.
October 3, 1990.
On Motion for Rehearing or Clarification December 5, 1990.
*338 Richard L. Jorandby, Public Defender, Louis G. Carres, Asst. Public Defender, West Palm Beach, and Fred Haddad, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This is an appeal from a judgment of conspiracy to commit murder in the second degree[1] in which a police witness testified as to his opinion of the relative culpability of two other witnesses. The trial judge found the testimony admissible over objection. We disagree and reverse.
During direct examination, the prosecutor asked the police officer for an opinion as to which participant in the crime was more culpable: The officer responded that he believed the witness, Shawn Walsh, was "more culpable" than the other witness, Harold Clements, the latter being "not involved directly." This testimony was significant because the defendant testified that it was the very same Harold Clements who was the real perpetrator of the crimes charged and that it was Clements who fired the gun, not the defendant. Clements, of course, testified to the contrary. As the Fifth District expressed it in Bowles v. State, 381 So.2d 326, 328 (Fla. 5th DCA 1980):
Police officers, by virtue of their positions, rightfully bring with their testimony an air of authority and legitimacy. A jury is inclined to give great weight to their opinions and the prosecutor in his final argument asked the jury to do just that.
Sub judice, in closing argument, the prosecutor argued that "if Harold Clements shot and used that gun then this defendant is not guilty."
It is clear that the officer's opinion was sought to bolster Harold Clement's credibility vis-a-vis that of the defendant and we conclude, under the facts here, that such was an improper invasion of the jury's exclusive province. See Boatwright v. State, 452 So.2d 666, 668 (Fla. 4th DCA 1984).
We deem it unnecessary to address the problem of error in the sentencing and find no error on appeal other than the one above addressed, raised and briefed by the public defender.
This cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We grant the motion for rehearing or clarification to the extent that we remand for a new trial on both counts.
REMANDED.
LETTS, GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] The defendant was also found guilty of attempted aggravated battery.