ANSTEAD, Judge,
concurring in part and dissenting in part.
I agree with the majority opinion in all respects, except for its approval of the admission of the Florida Highway Patrol’s internal investigation and conclusion on the propriety of the police officers’ use of force *483 in this case. Prior to the admission of the internal investigation officer’s testimony, the defendant made a comprehensive objection to the admission of such evidence. The court overruled the objection, and thereafter permitted the officer to describe his investigation, his interviews with the officers involved, his consultation with the state attorney, and, more importantly, his conclusion that the officers’ use of force was justified and, in fact, the use of deadly force would have been justified.
Obviously this testimony, especially the conclusion supporting the officers’ account of the incident, related to and bolstered the officers’ credibility. This is like allowing the results of an administrative proceeding to be admitted to prove an issue in a judicial proceeding, as for example, admitting the outcome of traffic court proceedings to prove fault in civil court proceedings. We, and other courts, have consistently rejected the admission of such evidence:
As the Fifth District expressed it in Bowles v. State, 381 So.2d 326, 328 (Fla. 5th DCA 1980):
Police officers, by virtue of their positions, rightfully bring with their testimony an air of authority and legitimacy. A jury is inclined to give great weight to their opinions and the prosecutor in his final argument asked the jury to do just that.
Sub judice, in closing argument, the prosecutor argued that “if Harold Clements shot and used that gun then this defendant is not guilty.”
It is clear that the officer’s opinion was sought to bolster Harold Clement’s credibility vis-a-vis that of the defendant and we conclude, under the facts here, that such was an improper invasion of the jury’s exclusive province. See Boatwright v. State, 452 So.2d 666, 668 (Fla. 4th DCA 1984).
Gianfrancisco v. State, 570 So.2d 337, 338 (Fla. 4th DCA 1990).
The use of this testimony was not only improper, it was unnecessary, since each of the officers actually involved in the incident testified in detail. It is their testimony upon which we base our rejection of appellant’s claim that the evidence was insufficient to support his conviction. Properly, it should have been upon the jury’s evaluation of this testimony, and the other evidence presented, that the case was decided, rather than permitting the state to bolster its case with the police agency’s evaluation of the same evidence.