PALMER, J.
 

 Rico R. Glenn (defendant) appeals his judgment and sentence. Determining that the trial court erred in denying the defendant’s request for a jury instruction on justifiable use of non-deadly force, we reverse the defendant’s convictions of aggravated battery and one count of resisting an officer with violence. In all other respects, we affirm.
 

 The defendant was charged with several counts, including aggravated battery causing great bodily harm (count 2) and resisting an officer with violence (count 3); both counts related to the defendant’s interaction with Officer Michael Holberg.
 

 Holberg testified to the following version of the incident. The defendant drove his car into a lake. When Holberg arrived at the scene, he saw the defendant swimming away from the car. Holberg approached the defendant to see if he was okay. The defendant was incoherent and making sounds. As Holberg tried to put handcuffs on him, the defendant spun away and assumed a fighting stance. Hol-berg took out his baton and ordered the defendant to the ground. The defendant did not comply and tried to leave again. Holberg grabbed the defendant’s wrist, and he again spun away and assumed a fighting stance. Holberg believed that a fight was imminent so he struck the defendant with the baton four times. When Holberg struck him a fifth time with the baton, the defendant punched him in the temple, temporarily blinding him. The defendant then grabbed the baton and struck Holberg in the head with it.
 

 According to the defendant’s version of the incident, when he surfaced from the lake, Holberg approached him and asked what happened. When the defendant started to tell him, Holberg told him to shut up. The defendant put his hands in the air, and Holberg hit him in the stomach with his baton twice. The defendant then punched Holberg in the face, took his baton, and threw it away.
 

 Defense counsel requested a jury instruction on justifiable use of non-deadly force, arguing that the defendant’s version would support an inference of self-defense. The trial court refused the instruction.
 

 A trial court’s rulings regarding jury instructions are reviewed for abuse of discretion.
 
 Morton Roofing, Inc. v. Prather,
 
 864 So.2d 64, 68 (Fla. 5th DCA 2003);
 
 Barbour v. Brinker Fla., Inc.,
 
 801 So.2d
 
 *677
 
 953, 959 (Fla. 5th DCA 2001). The requested standard instruction stated in relevant part:
 

 3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE
 

 An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the ... [injury to] (victim) resulted from the justifiable use of non-deadly force.
 

 (Defendant) would be justified in using non-deadly force against (victim) if the following two facts are proved:
 

 1. (Defendant) must have reasonably believed that such conduct was necessary to defend [himself] ... against (victim’s) imminent use of unlawful force against the [defendant]....
 

 2. The use of unlawful force by (victim) must have appeared to (defendant) to be ready to take place.
 

 A person is not justified in using force to resist an arrest by a law enforcement officer who is known to be or reasonably appears to be a law enforcement officer.
 

 However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] ..., but only to the extent [he] ... reasonably believes such force is necessary.
 

 In deciding whether the defendant was justified in the use of non-deadly force, you must judge [him] ... by the circumstances by which [he] ... was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
 

 If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.
 

 However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force, then you should find [him] ... guilty if all the elements of the charge have been proved.
 

 Fla. Std. Jury Instr. (Crim.) 3.6(g) (Jan. 6-8, 2010).
 

 The defendant’s version of the incident was sufficient to support this instruction. “[W]here the evidence is inconclusive or conflicting, the failure of the trial judge to provide a charge which lays down standards for the jury to follow under varying permissible views of the evidence constitutes reversible error.”
 
 Barnes v. State,
 
 93 So.2d 863, 864 (Fla.1957) (quoting
 
 Holley v. Kelley,
 
 91 So.2d 862, 864 (Fla.1957)). In
 
 Barnes,
 
 the court wrote:
 

 [T]he trial judge, in declining to give the charge requested by [the defendant], must have thought that [the defendant’s] testimony ... was, in all the circumstances, so improbable as to be unworthy of belief. But however improbable, it was not demonstrably false, and the trial judge invaded the province of the jury when he disregarded it.
 

 Id.
 
 at 864-65. Thus, here the trial court erred in refusing to issue the instruction.
 

 
 *678
 
 Accordingly, we reverse and remand for a new trial as to counts 2 and 3. As to all other counts, we affirm.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 LAWSON and EVANDER, JJ., concur.