# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0800
Lower Tribunal No. F21-17488
_____

**Eduardo Alfredo Medrano-Chavez,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christine Hernandez, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Liz Feliz, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

LOGUE, J.

Eduardo Alfredo Medrano-Chavez appeals his convictions and

sentences for sexual activity with a child by a person in familial or custodial authority (Count I) and lewd and lascivious molestation on a child between 12 and 16 years of age (Count II). We reverse Medrano-Chavez's convictions and sentences and remand for a new trial because the trial court abused its discretion by overruling the defense's objection to Detective Tabares' testimony that improperly bolstered the alleged victim's credibility and because the State failed to meet its burden to prove beyond a reasonable doubt that the error did not contribute to the verdict.

## BACKGROUND

In 2021, the State charged Medrano-Chavez with one count of sexual activity with a child by a person in familial or custodial authority in violation of section 794.011(8)(b), Florida Statutes (2017) (Count I), and one count of lewd and lascivious molestation on a child between 12 and 16 years of age in violation of section 800.04(5)(c)2., Florida Statutes (2017) (Count II). The alleged victim in both counts, K.M.C., is Medrano-Chavez's biological daughter. Medrano-Chavez's trial defense was that he did not sexually abuse K.M.C. and that she fabricated the alleged sexual abuse so that she could apply for a "U-Visa" based on Medrano-Chavez's alleged sexual abuse.

The State presented the testimony of Detective Humberto Tabares of

the Miami-Dade Police Department Special Victims Unit. His testimony reflected that in 2021, K.M.C., while in Maryland, called the Miami-Dade Police Department to report that she had been sexually abused by Medrano-Chavez in 2017 or 2018 in Miami-Dade County, while she was fourteen or fifteen years old. Due to restrictions on travel as a result of COVID, he contacted a police department in Maryland to interview K.M.C. During the recorded interview, the Maryland detective presented a photograph of Medrano-Chavez to K.M.C., and she identified Medrano-Chavez as the perpetrator. The Maryland detective sent the video of the interview to Detective Tabares.

During Detective Tabares' testimony, the prosecutor asked him what he did next in his investigation after he received the video of the interview. In response, he testified that he viewed the video, and then stated: "I saw [K.M.C.'s] demeanor in the photograph [sic]. I you know, from my experience, it was genuine." The defense objected based on bolstering, and the trial court overruled the objection. Detective Tabares then testified that he placed "a message in the system for [Medrano-Chavez's] apprehension," and he was arrested. The video was not shown to the jury.

The State presented the testimony of K.M.C. and others. During K.M.C.'s testimony, she testified, among other things, that Medrano-Chavez

3

had sexually abused her in 2017 or 2018 in Miami-Dade County, while she was fourteen or fifteen years old.

The jury found Medrano-Chavez guilty as charged. Thereafter, Medrano-Chavez filed a motion and supplemental motion for new trial, which the trial court denied. The trial court sentenced Medrano-Chavez to life in prison as to Count I and fifteen years in prison as to Count II. Medrano-Chavez's timely appeal followed.

## ANALYSIS

Medrano-Chavez argues the trial court abused its discretion by overruling the defense's objection to Detective Tabares' testimony that, in light of his experience, K.M.C.'s demeanor in the video appeared "genuine."[1] We agree.

A jury is "the sole arbiter of the credibility of witnesses." Cochran v. State, 411 So. 3d 1278, 1280 (Fla. 6th DCA 2025) (citing Barnes v. State, 93 So. 2d 863, 864 (Fla. 1957)). "Thus, it is an invasion of the jury's exclusive province for one witness to offer his personal view on the credibility of a fellow witness." Cochran, 411 So. 3d at 1280 (quoting Boatwright v. State, 452 So. 2d 666, 668 (Fla. 5th DCA 1984)); see also Seibert v. State, 923 So.

---

[1] "A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard." Morris v. State, 233 So. 3d 438, 446 (Fla. 2018).

2d 460, 472 (Fla. 2006) ("[A]llowing one witness to offer a personal view on the credibility of a fellow witness is an invasion of the province of the jury to determine a witness's credibility." (quoting Knowles v. State, 632 So. 2d 62, 65-66 (Fla. 1993))). "Moreover, '[i]t is especially harmful for a police witness to give his opinion of a witnesses' [sic] credibility because of the great weight afforded an officer's testimony.'" Seibert, 923 So. 2d at 472 (quoting Page v. State, 733 So. 2d 1079, 1081 (Fla. 4th DCA 1999)); see also Tumblin v. State, 29 So. 3d 1093, 1101 (Fla. 2010) ("Police officers, by virtue of their positions, rightfully bring with their testimony an air of authority and legitimacy. A jury is inclined to give great weight to their opinions . . . ." (quoting Bowles v. State, 381 So. 2d 326, 328 (Fla. 5th DCA 1980))).

The State challenges Medrano-Chavez's argument on appeal that Detective Tabares offered his personal view of K.M.C.'s credibility. In doing so, the State asserts Detective Tabares was merely commenting as to the steps he took in investigating K.M.C.'s report that Medrano-Chavez sexually abused her. This argument does not completely reflect what occurred. Although Detective Tabares was testifying as to the steps he took in his investigation, his testimony also bolstered K.M.C's credibility by stating that, based on his experience, her demeanor was "genuine." (emphasis added). This bolstered K.M.C.'s credibility, and it was an abuse of discretion to

5

overrule the defense's objection in this regard.

The State argues that even if the trial court abused its discretion by overruling the defense's objection to Detective Tabares' testimony, the error was harmless beyond a reasonable doubt. Based on our review of the testimony and evidence presented at trial, we disagree.

Here, K.M.C. was the only witness who testified that Medrano-Chavez sexually abused her and there was no physical evidence to support K.M.C.'s assertion as to the alleged sexual abuse. K.M.C.'s credibility played an important role in the State's prosecution of the case because it was K.M.C.'s word versus Medrano-Chavez's word. In addition, Medrano-Chavez presented a defense that also placed K.M.C.'s credibility at issue—that K.M.C. fabricated her accusations against Medrano-Chavez because she was illegally in the United States and the allegations as to Medrano-Chavez sexually assaulting her could assist her in obtaining a "U-Visa." Finally, there was testimony at trial that during a custody proceeding between Medrano-Chavez and K.M.C.'s mother, the trial court appointed an investigator to conduct an assessment of the home where Medrano-Chavez lived with K.M.C. and two of her sisters and to make a recommendation to the trial court. During the assessment, the investigator spoke to K.M.C., but she did not disclose any sort of sexual abuse to the investigator even though

Medrano-Chavez had already allegedly sexually abused K.M.C. at that time.[2]

Thus, based on the testimony and evidence presented at trial, the State failed to meet its burden of establishing that the trial court's improper admission of Detective Tabares' testimony bolstering K.M.C.'s credibility was harmless beyond a reasonable doubt. See Cochran, 411 So. 3d at 1281 ("The harmless error test places the burden on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict."). Accordingly, we reverse Medrano-Chavez's convictions and sentences and remand for a new trial.

Reversed and remanded.

---

[2] K.M.C. testified at trial that she did not tell the investigator that Medrano-Chavez had sexually assaulted her because she was afraid of Medrano-Chavez's reaction.