**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William D. LEAMAN,**
**Defendant-Appellant.**

**No. 76–2009.**

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1977.

Rehearing Denied Feb. 17, 1977.

Max P. Engel, David B. Javits, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Barbara D. Schwartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

Defendant William Leaman was convicted by a jury on March 2, 1976, of conspiracy to possess, possessing with the intention to distribute, and distributing cocaine. 21 U.S.C. §§ 841(a)(1) & 846. On appeal Leaman raises three contentions: hearsay evidence was improperly admitted; the evidence is insufficient to sustain the conviction; and reversibly prejudicial questions were asked by the prosecutor. We affirm.

The testimony of Drug Enforcement Administration Agent Jose Roque indicated that on August 28, 1975, he arranged for the purchase of cocaine from a then-unknown supplier. The arrangements were made through Mitchell Solomon who thought Roque to be nothing more than a buyer of narcotics. After a meeting between Roque and Solomon during which Roque was shown a sample of cocaine, a sale was arranged for later in the day. Roque and Solomon went to the apartment of Carol Brock in order to exchange cash for the contraband. The following extract from Roque's testimony described the succeeding events:

> At this point I asked her [Carol Brock] if I could search her apartment for the purpose of a possibility of someone hiding in the closet because at this time I had not seen any drugs. For all I knew there was someone waiting for me, an attempted armed robbery for the $20,000. She said that wouldn't be necessary; that *there was only one other person in the apartment*; *that he was the owner of the cocaine*; that he did not want to see me; and he did not want me to see him. She never did give me his name. [Emphasis supplied.]

The defense did not object when Roque gave this testimony, but on appeal defendant argues that Roque was improperly permitted to introduce hearsay into evidence. Roque then testified that Brock informed him the full one pound of cocaine agreed upon was not available and the owner of the drug was in the back room recomputing the purchase price to reflect this shortage. Upon briefly being left alone, Roque took the cocaine to other agents outside the apartment, ascertained that the substance was indeed cocaine, and then returned with his fellow agents to arrest those involved. When the arrest occurred, Leaman was the only other individual discovered in the apartment.

■ In order to determine whether sufficient evidence was presented to sustain the conviction, it is first necessary to consider whether Roque's reference to Brock's statement that the other person in the apartment owned the cocaine is properly included in the equation. Leaman contends that this evidence was inadmissible since the premise for its use was that it was the statement of a coconspirator. In order for a statement

made out of the presence of the accused to be admissible under the coconspirator exception, "there must be proof *aliunde* of the existence of the conspiracy and the defendant's connection with it." *United States v. James*, 510 F.2d 546, 549 (5th Cir.), *cert. denied*, 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). Complaint is also made that there was no requirement that the existence of the conspiracy and Leaman's linkage to it be proven prior to the admission of the coconspirator's statement. *United States v. Apollo*, 476 F.2d 156 (5th Cir. 1973). No objections of this sort were raised at the time the evidence was presented.

■ Otherwise inadmissible hearsay to which no objection has been lodged may be considered by the trier-of-fact to the extent of its probative value. *Flores v. Estelle*, 513 F.2d 764, 766 (5th Cir. 1975), *cert. denied*, 423 U.S. 989, 96 S.Ct. 401, 46 L.Ed.2d 308 (1975); *United States v. Jimenez*, 496 F.2d 288, 291 (5th Cir. 1974), *cert. denied*, 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975). Nonetheless, if the admission of the hearsay rises to plain error affecting substantial rights of the accused, reversal is warranted. Fed.R.Crim.P. 52(b); *Flores v. Estelle; Smith v. United States*, 343 F.2d 539, 542 (5th Cir.), *cert. denied*, 382 U.S. 861, 86 S.Ct. 122, 15 L.Ed.2d 99 (1965); *Glenn v. United States*, 271 F.2d 880, 883 (6th Cir. 1959). The case at bar, however, does not present any such plain error possibility.

■ Totally circumstantial evidence of the conspiracy and the defendant's connection would suffice to support the admission of hearsay by a coconspirator. *Park v. Huff*, 506 F.2d 849 (5th Cir.), *cert. denied*, 423 U.S. 824, 96 S.Ct. 38, 46 L.Ed.2d 40 (1975). Here, substantial independent evidence, both circumstantial and direct, was adduced to prove the existence of a conspiracy. *United States v. Nixon*, 418 U.S. 683, 701, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974). The record evidence to demonstrate Leaman's connection with this conspiracy, though not overwhelming, was clearly substantial enough to support the jury's ver-

dict. At the time the sale was made, Leaman was in the adjacent bedroom from which the cocaine and the scales used to weigh it were produced; he owned the scales; he helped compute the new price for the sale after the shortage was discovered. His attempt to ascribe innocent purposes to these activities, at most, raised a jury issue. Because we conclude there was no error in the admission of the statements, defendant's ancillary contention as to the insufficiency of the proof to sustain the conviction is without merit.

■ We note but also reject Leaman's argument that admission of this hearsay was improper because it was adduced before existence of the conspiracy had been shown. The principal authority relied on, *United States v. Apollo*, 476 F.2d 156 (5th Cir. 1973), is distinguishable not only because of the failure to object, but also on other grounds. There, the evidence of Apollo's connection with the conspiracy was entirely dependent upon hearsay statements of coconspirators. At the time of a proper contemporaneous objection, the *Apollo* trial court erroneously overruled the objection and refused instructions to the jury to limit consideration of these statements pending the laying of a proper predicate. Indeed, the court even affirmatively advised the jury that hearsay was proper proof in such cases. Our holding in *Apollo* that the introduction of hearsay before the conspiracy was proven under the circumstances there present did necessitate reversal, was accompanied by restatement of the general rule that conspirators' statements are admissible even where the conspiracy is not established until a subsequent point in the proof, *id.* at 163, and that the order in which evidence is admitted is within the discretion of the trial court and, absent extraordinary circumstances such as were present there, cannot be the basis for reversal.

The final argument presented by Leaman concerns statements made by the prosecutor during the questioning of the defendant. The first question posed was, "Are you aware of the drug problem in the com-

munity?" After objection and an instruction to the jury to disregard this statement, the prosecutor asked, "Are you aware that drugs are common in this community?" Again objection was made and the jury told to disregard this question also. A motion for a mistrial was denied.

■ There was no justification for the questions, particularly not the second. Their asking was error. The government offers no basis for the questions other than that they were proper cross-examination. This is insufficient. The attempt to discredit the defendant by allusions to general problems of drug abuse in the community carries too clear a potential for visiting upon his defense an association with offenses other than those charged to pass muster. However, the quick objection and the court's immediate instruction to disregard each time the improper question was presented, prevents a finding that the suggestion of a drug problem in the community vitiates this conviction. *Cf., United States v. Bell*, 165 U.S.App.D.C. 146, 506 F.2d 207, 225–26 (1974); *United States v. Gilbert*, 447 F.2d 883 (10th Cir. 1971). Reversal is required only when the prosecutor's improper conduct injects such immaterial or erroneous points into the deliberative process that prompt instruction to disregard cannot remove the prejudice. Though the questions should not have been asked, they did not approach an irreparable fouling of the jurors' deliberations.

The judgment is

AFFIRMED.