UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul W. GRANVILLE,
Defendant-Appellant.

No. 81–5816
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 3, 1983.

Stanley Marcus, U.S. Atty., Helen A. Mollick, Sp. Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Paul W. Granville appeals his conviction of possessing counterfeit money. 18 U.S.C.A. § 472. He claims the prosecutor denied him a fair trial by bringing up on cross-examination defendant's position as a minister in the Church of the New Song and by making a closing argument in which, among other things, he allegedly vouched for the veracity of two Government witnesses and misstated the law on the defenses of coercion and entrapment. We affirm.

Briefly, the Government alleged that defendant Granville had agreed with John Greene, a secret informer, to sell $50,000 in counterfeit bills to a third party, using Greene as a middleman. Greene testified that on the day of the planned sale Granville showed him the counterfeit money and gave him two bills as a sample. Granville's fingerprints were found on the counterfeit currency, and Greene's testimony was corroborated by a tape recording of his conversations with Granville, obtained through a transmitting device which Greene had hidden on his person. Granville relied on the defenses of entrapment and coercion, claiming Greene had forced him to become involved in a counterfeiting scheme by threatening him with, among other things, physical injury. Defendant does not challenge the sufficiency of the evidence on appeal.

On cross-examination defendant testified he was known as Reverend Paul Granville

of the Church of the New Song and stated he was in fact an ordained minister of a church. Defense counsel objected to the Government's questions at this point. The court initially overruled the objection, leaving it to the prosecutor to show the materiality of the questions. When Government counsel moved to an unrelated line of questioning without explaining the significance of defendant's religious position, the court called for a bench conference. Government counsel explained she did not intend to make defendant's religion an issue, but simply wanted to show Granville had been masquerading as someone else, in an effort to deceive others, and to lay a foundation for a future Government witness who knew defendant only as "The Rev." The trial court deemed the questions improper and suggested a curative instruction. Defense counsel, however, requested that no instruction be given because it might only call further attention to the problem. The court refused to declare a mistrial.

■■■ The decision as to whether to grant a mistrial based on prosecutorial misconduct lies within the discretion of the trial court. *See United States v. Prieto,* 505 F.2d 8, 12 (5th Cir.1974); *Koran v. United States,* 408 F.2d 1321, 1325 (5th Cir.1969), *cert. denied,* 402 U.S. 948, 91 S.Ct. 1603, 29 L.Ed.2d 118 (1971). Similarly, a trial court's ruling as to the scope of cross-examination by a prosecutor is reversible on appeal only for an abuse of discretion. *E.g., United States v. Davis,* 546 F.2d 583, 593 (5th Cir.), *cert. denied,* 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977). No abuse of discretion has been demonstrated here. First, it is doubtful whether defendant suffered any significant harm. The questions were a brief, isolated part of a four-day trial. The prosecutor never again referred to Granville's religion, and defendant's answers were not necessarily unfavorable to him. *Cf. United States v. Miller,* 499 F.2d 736, 740 (10th Cir.1974) (finding no prejudicial error arising from prosecution's cross-examination of defendant as to his membership in the Church of the New Song because objectionable questioning lasted only a short period and the trial court gave a

cautionary instruction). The evidence of guilt was overwhelming. *Cf. United States v. Lay,* 644 F.2d 1087, 1091 (5th Cir.) (holding improper cross-examination of defendant harmless error in light of overwhelming evidence against defendant), *cert. denied,* 454 U.S. 869, 102 S.Ct. 336, 70 L.Ed.2d 172 (1981).

Second, any possible prejudice might have been cured by a cautionary instruction. Granville cannot now complain, however, because his counsel, perhaps with good reason, requested that none be given. *See United States v. Lay,* 644 F.2d at 1091–92. The trial court could have reasonably concluded that such an instruction could cure any prejudice from the improper questions, eliminating the need for a mistrial. *See, e.g., United States v. Nickerson,* 669 F.2d 1016, 1020 (5th Cir. Unit B 1982); *United States v. Walker,* 621 F.2d 163, 168 (5th Cir.1980), *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981); *United States v. Macker,* 608 F.2d 223, 227 (5th Cir.1979); *United States v. Leaman,* 546 F.2d 148, 151 (5th Cir.), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2180, 53 L.Ed.2d 227 (1977).

■■■ The prosecutor's closing argument does not require reversal. Granville did not object to the closing argument, so we review only for plain error. Fed.R.Crim.P. 52(b); *see, e.g., United States v. Stout,* 667 F.2d 1347, 1354 (11th Cir.1982). To constitute such error, the deficiency must be obvious and substantial, affecting the fairness or integrity of the trial. *See United States v. Edwards,* 696 F.2d 1277, 1282 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983); *United States v. Brown,* 548 F.2d 1194, 1207 (5th Cir.1977). Even when a contemporaneous objection is made, improper closing argument by a prosecutor necessitates a reversal of the conviction only if defendant's substantial rights are prejudiced. *United States v. Butera,* 677 F.2d 1376, 1383 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *United States v. Phillips,* 664 F.2d 971, 1030 (5th Cir. Unit B

1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354, —— U.S. ——, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982).

■ Contrary to Granville's argument, the prosecutor did not materially misstate the burden of proof on the defenses of coercion and entrapment. Government counsel never stated the defendant must prove these defenses beyond a reasonable doubt. Judged under the leeway afforded by the plain error rule, counsel's remarks amounted to no more than a correct statement that coercion and entrapment are affirmative defenses, requiring the defendant to come forth with some evidence. *See, e.g., United States v. Humphrey,* 670 F.2d 153, 155 (11th Cir.) (entrapment), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982).

■ In any event, a slight misstatement of the law by a prosecutor can be rendered harmless by the court's proper instructions to the jury. *See United States v. Sedigh,* 658 F.2d 1010, 1015 (5th Cir. Unit A 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 462 (1982); *cf. United States v. Dorr,* 636 F.2d 117, 121 (5th Cir.1981) (in assessing prejudice to defendant from prosecutor's closing argument, jury instruction may be considered).

■ The record and law do not support Granville's argument that he is entitled to reversal on the ground that Government counsel impermissibly vouched for two Government witnesses. In assessing such a claim of prosecutorial misconduct, the critical inquiry is whether the prosecutor's remarks might reasonably lead the jury to think there is additional information, not before the jury, that convinced counsel of defendant's guilt. *United States v. Ellis,* 547 F.2d 863, 869 (5th Cir.1977); *McMillian v. United States,* 363 F.2d 165, 169 (5th Cir.1966). When the prosecutor voices a personal opinion but indicates this belief is based on evidence in the record, the comment does not require a new trial. *See United States v. Siegel,* 587 F.2d 721, 727 (5th Cir.1979); *United States v. Rodriguez,* 585 F.2d 1234, 1243 (5th Cir.1978), *cert. de-*

*nied,* 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980), *panel opinion modified on other grounds,* 612 F.2d 906 (5th Cir.1980) (en banc), *aff'd sub nom. Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Here, in an effort to support the testimony of two Government witnesses, Government counsel only pointed to matters in evidence: the demeanor of one witness and testimony of support witnesses as well as a tape recording corroborating the testimony of another.

In any event, the trial court correctly instructed the jury that the arguments of counsel should not be considered as evidence. *See United States v. Phillips,* 664 F.2d at 1031; *United States v. Siegel,* 587 F.2d at 727.

There is no merit to Granville's other assertions of error in the prosecutor's closing argument.

AFFIRMED.