[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14493
Non-Argument Calendar

_____

D. C. Docket No. 06-20178-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC NOSOVSKY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 17, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Isaac Nosovsky appeals his conviction for one count of conspiracy to

defraud the United States and to commit health care fraud, 18 U.S.C. § 371; and six counts of health care fraud, 18 U.S.C. § 1347. Nosovsky makes three arguments on appeal. First, he argues that the district court abused its discretion in excluding evidence of a secretly recorded conversation because the contents of the conversation qualified for the "state-of-mind" hearsay exception in Fed.R.Evid. 803(3). Second, he argues that the secretly recorded conversation qualified for the Fed.R.Evid. 807 residual exception to the hearsay exclusion rule, and that error was preserved because the trial court implicitly considered Rule 807. Finally, he argues that the prosecutor commenting on an uncharged bad act during the opening statement and on the existence of defense counsel in the closing argument was prejudicial and warrants reversal.

## I.    State-of-Mind Hearsay Exception under Rule 803(3)

We review a district court's evidentiary ruling for abuse of discretion. United States v. Magluta, 418 F.3d 1166, 1177 (11th Cir. 2005). The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Generally, hearsay is not admissible at trial. Fed.R.Evid. 802. Under Fed.R.Evid. 803(3), the following is not excluded by the hearsay rule:

A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed.R.Evid 803(3). The exception is limited to statements about the declarant's present state of mind, and not why the declarant held that particular state of mind. United States v. Samaniego, 345 F.3d 1280, 1282 (11th Cir. 2003) (noting the example, "I'm scared," as an admissible statement under Rule 803(3), but the statement, "I'm scared because someone threatened me," as inadmissible hearsay).

The statements on the recording were inadmissible under the state-of-mind exception to hearsay because they explained why Nosovsky held a particular state of mind and not what the particular state of mind was; instead, they were statements of memory to prove facts remembered. Therefore, the district court did not abuse its discretion in excluding them. Id. at 1282. Accordingly, we affirm on this issue.

## II.     The Rule 807 Residual Exception

We review a trial court's implicit determination for plain error when the ruling is not formally questioned before the trial court. See United States v. Frazier, 387 F.3d 1244, 1268 (11th Cir. 2004) (holding that qualification for expert testimony is only reviewed for plain error when a timely objection is not raised

3

before the court).  Because Nosovsky did not assert Rule 807 as a basis for the admission of the evidence with the district court, this Court will review for plain error.  United States v. King, 73 F.3d 1564, 1571 (11th Cir. 1996).  This Court has discretion to correct an error under the plain error standard when (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).

An error is not "plain" when the  basis for admission of excluded evidence was not raised at trial.  King, 73 F.3d at 1572 (addressing Fed.R.Evid 806 and explaining that to apply the plain error exception to the contemporaneous objection rule when trial counsel had an opportunity to assert the basis for admission would lead to "the exception swallowing the rule").

Because Rule 807 was not asserted as a basis for admission, any error was not plain.  Id. at 1572.  Accordingly, we affirm on this issue.

## III.    Prosecutorial Misconduct

We review the district court's denial of a mistrial for abuse of discretion.  United States v. Abraham, 386 F.3d 1033, 1036 (11th Cir. 2004).  Reversal on the basis of prosecutorial misconduct requires that (1) the remarks were improper, and (2) the misconduct prejudiced the defendants substantive rights such that "a

4

reasonable probability arises that, but for the prosecutor's statements, the outcome of trial would have been different." United States v. O'Keefe, 461 F.3d 1338, 1350 (11th Cir. 2006), cert. denied, 127 S.Ct. 1308 (2007). "Reversal on the basis of prosecutorial misconduct requires that the misconduct be so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. Weinstein, 762 F.2d 1522, 1542 (11th Cir. 1985) (quotation omitted).

We have addressed an allegation of prosecutorial misconduct to explain the prohibition on reference to defense counsel. United States v. Frazier, 944 F.2d 820, 822 (11th Cir. 1991). "Comments that penalize a defendant for the exercise of his right to counsel and that also strike at the core of his defense cannot be considered harmless error." United States v. McDonald, 620 F.2d 559, 564 (5th Cir. 1980). It is improper to make a comment that implies that the use of defense counsel hints at the defendant being guilty. United States v. Mack, 643 F.2d 1119, 1124 (5th Cir. Apr. 1981). We look at the full context of a remark to determine if it is improper. United States v. Foley, 508 F.3d 627, 638 (11th Cir. 2007). In Foley, we rejected a similar argument about a similar remark.

"A prejudicial remark may be rendered harmless by curative instructions to the jury." Weinstein, 762 F.2d at 1542. We give considerable weight to the district court's assessment of the prejudicial effect of the remarks. Id. A defendant

5

may not request a mistrial on appeal when he refused a curative instruction that would have alleviated any need for a mistrial. See United States v. Granville, 716 F.2d 819, 821 (11th Cir. 1983).

We have reviewed the comment from the opening statement and it was not highly prejudicial, and because Nosovsky refused the curative instruction, the district court did not abuse its discretion in denying his motion for a mistrial on this basis. See Granville, 716 F.2d at 821. We have reviewed the remark from the closing argument and it did not imply that defense counsel did anything improper or that the presence of counsel meant that Nosovsky was guilty. Thus, the district court did not abuse its discretion in denying a motion for mistrial on this basis.

## IV. Conclusion

Based on a review of the record and the parties' briefs, we affirm Nosovsky's conviction.

**AFFIRMED.**[1]

---

[1]Nosovsky's request for oral argument is denied.