[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10937
Non-Argument Calendar

_____

D. C. Docket No. 07-00025-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD STRONG FERGUSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 24, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Clifford Strong Ferguson appeals his convictions for possession with intent

to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of distribution of marijuana, in violation of 18 U.S.C. § 924(c)(1)(A)(I). He makes three contentions: (1) the government made improper statements during its closing argument; (2) there is insufficient evidence to support his convictions; and (3) the district court plainly erred in giving the jury a "deliberate ignorance" instruction.

## I.

Ferguson first contends that the government made several improper statements during closing argument. Because Ferguson failed to object during the government's closing argument at trial, we review it only for plain error. United States v. Granville, 716 F.2d 819, 821 (11th Cir. 1983). "The four prongs of plain error review are: (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Novaton, 271 F.3d 968, 1014 (11th Cir. 2001) (quotation marks and alteration omitted). We will not correct any error unless all four requirements are met. See id. "Meeting all four prongs is difficult, as it should be." United States v. Puckett, __ U.S. ___, 129 S. Ct. 1423, 1429 (2009), and in our review we must consider "the strength of the evidence against [the] defendant[]." United States v. Stout,

2

667 F.2d 1347, 1354 (11th Cir. 1982).

Ferguson argues that the evidence of guilt in this case was not overwhelming. We disagree. When the police officers stopped Ferguson for a traffic violation, they smelled the odor of marijuana coming from his van. That odor was emanating from bag in the back of the van. The bag contained six pounds of marijuana, stored in six gallon-sized bags. The bag also contained two handguns, one of which Ferguson admitted was his. Ferguson told the police officers that he was carrying the bag to Kentucky for someone he knew only as "Jock" and that "Jock" was going to pay him for transporting the bag.

Although the government may have made some improper statements during closing argument, such as when it asked the jury to draw on its knowledge about drug dealing from watching television, those statements did not affect Ferguson's substantial rights because there is no reasonable probability that he would have been acquitted otherwise. See United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998) ("A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the [government's] remarks, the outcome of the trial would have been different."). Additionally, the stain of any improper argument was washed out when the district court properly instructed the jury that arguments by the attorneys were not evidence. See United States v. Smith, 918

3

F.2d 1551, 1562 (11th Cir. 1990). Ferguson has failed to demonstrate that the government's closing arguments constitute plain error.

**II.**

Ferguson also contends that there was insufficient evidence to support his convictions. We review de novo the sufficiency of the evidence to support a conviction, but "view the evidence in the light most favorable to the government." United States v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991).

Ferguson argues that the quantity of marijuana alone is insufficient evidence of his intent to distribute it. He notes that the government did not find any scales or smaller bags for repackaging the marijuana for resale. He insists that he was carrying the six gallon-sized bags of pot for personal use and that it makes economic sense to buy drugs in bulk. Buying wholesale, after all, is cheaper than buying retail. That argument fails. Intent to distribute can be inferred from the quantity of the drugs. See United States v. Perez-Tosta, 36 F.3d 1552, 1559 (11th Cir. 1994). The jury chose to make that inference instead of accepting Ferguson's explanation that the six pounds of marijuana were for personal use. That was a reasonable inference based on the evidence, and it is sufficient to support the conviction. See United States v. Hernandez, 896 F.2d 513, 517 (11th Cir. 1990).

Ferguson also argues that the proximity of the guns to the drugs was

insufficient to support a conviction for possession a firearm "in furtherance" of drug trafficking. He argues that the handguns were not readily accessible because they were in a bag in the back of the van. Again, those arguments fail. The presence of two loaded firearms in the same bag as the marijuana supports the necessary nexus "between the firearm and the drug selling operation." See United States v. Mercer, 541 F.3d 1070, 1076–77 (11th Cir. 2008). As we recognized in United States v. Miranda, a reasonable jury could infer that the purpose of storing guns next to the drugs "was to provide defense or deterrence in furtherance of the drug trafficking." 425 F.3d 953, 962 (11th Cir. 2005) (internal quotation marks omitted); see also Mercer, 541 F.3d at 1077 (holding that the "in furtherance" element was satisfied where the firearm was "hidden in a pouch under the mattress" in the defendant's motel room); United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (holding that the "in furtherance" element was satisfied where the gun was found in the drawer of a nightstand in the defendant's bedroom). Sufficient evidence supports Ferguson's conviction for possession of a firearm in furtherance of marijuana distribution.

## III.

Ferguson contends that it was improper for the district court to give a "deliberate ignorance" jury instruction. Because Ferguson failed to object to that

instruction at trial, we review it only for plain error. See Granville, 716 F.2d at 821. The district court instructed the jury that it could convict Ferguson based on actual knowledge or deliberate ignorance. As we have already explained, the government presented sufficient evidence to support a conviction based on actual knowledge. Ferguson's contention is therefore knocked out by our decisions in United States v. Stone, 9 F.3d 934 (11th Cir. 1993), and United States v. Kennard, 472 F.3d 851 (11th Cir. 2006). In Kennard we reiterated that "any error in giving an unwarranted deliberate ignorance instruction is harmless if the jury could have convicted on an alternative, sufficiently supported theory of actual knowledge." Kennard, 472 F.3d at 858 (citing Stone, 9 F.3d at 937–40). We must assume that the jury followed its instructions and would not have convicted Ferguson under either theory unless he was guilty beyond a reasonable doubt. See Stone, 9 F.3d at 938. Because of that assumption "any shortcoming in the evidence about deliberate ignorance was rendered harmless by the sufficiency of evidence of actual knowledge." Kennard, 427 F.3d at 858. Even assuming that a deliberate ignorance instruction was improper, the error was harmless. Therefore, the district court did not plainly err.

**AFFIRMED.**