PER CURIAM.
Although the defendant claims that the $600 per month in restitution required as a condition of her probation is beyond her means, we find that the sum fixed by the trial court represents an appropriate balance between the large amount, over $200,-000, she embezzled from her employer and is therefore required to repay, on the one hand, and her ability to do so, on the other. Hence, there was no error in the exercise *1338 of the authority conferred by sections 775. 089(l)(a), (6), Florida Statutes (1985).[1]
The other point raised also lacks merit.
Affirmed.

. Sections 775.089(l)(a), (6), Florida Statutes (1985), state:
775.089 Restitution.—
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds reasons not to order such restitution. Restitution may be monetary or non-monetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.

******

(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.