733 So.2d 1079 (1999)
Terry Lee PAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0832.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
*1080 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Terry Lee Page appeals his conviction and sentence for delivery of cocaine. He contends that the trial court erred by allowing a police officer to give opinion testimony concerning the credibility of the confidential informant. We agree and reverse.
On February 14, 1997, Officer Michael Borelli was contacted by a confidential informant, John Pyrzyk, concerning a pager telephone number of an alleged drug dealer which was given to Pyrzyk by a waitress. Pyrzyk went to the Margate police station and used one of its confidential lines to call the pager. The page was returned and Pyrzyk made arrangements to purchase $200 worth of crack cocaine. The location of the delivery was to be the parking lot in front of the 7-Eleven at 4900 Atlantic Boulevard.
Surveillance teams were sent to the location to wait for the meeting. Officer Borelli drove Pyrzyk to the location and before dropping him off conducted a search of Pyrzyk to make sure he did not have any drugs or any money other than the marked money given to him by the police. Borelli then left the area and did not witness the meeting.
Pyrzyk had been waiting for approximately five to ten minutes when a car pulled up and the driver, he identified as Page, made eye contact with Pyrzyk and gestured to him. Pyrzyk walked to Page's window and said "Let's do a deal." Pyrzyk testified that the undercover van that was parked in the parking lot "spooked" Page and he told Pyrzyk to get into the car, which he did. Two Margate police officers testified they witnessed these events from their surveillance position; however, they did not hear any conversation.
There were three people in the car. Page was driving, his girlfriend, Camela Lindsey, was in the front passenger seat, and Raydell Jordan was in the back seat. Pyrzyk testified that after he got into the car and as they were pulling out of the parking lot, Page asked Pyrzyk for the $200 and directed Jordan to give Pyrzyk the crack cocaine. Pyrzyk was the only witness called to testify as to the transaction that took place inside the car.
The focal point of the defense was to impeach the credibility of Pyrzyk. The evidence at trial revealed he was a drug addict, was paid for his assistance and was trying to help his employer do substantial assistance on a drug charge. He had three previous felony convictions and had previously been in mental institutions as a result of suicide attempts. His testimony was crucial to the prosecution because he was the only state witness who testified about what occurred inside the car when the alleged delivery took place. Pyrzyk testified that although he gave the money to Camela Lindsey and he received the drugs from Raydell Jordan, Page's directions controlled the transaction.
Officer Borelli was the first witness called on behalf of the state. After the prosecutor had Borelli identify himself and give his training and experience in law enforcement the following colloquy transpired:

*1081 Q. Have you had occasion to work with a confidential informant by the name of John Pyrzyk?
A. Yes.
Q. How did you first come in contact with Mr. Pyrzyk?
A. There was a Defendant on another case who was working as a substantial assistant for the State. And John Pyrzyk worked for this person, was an employee of this person.
And when John Pyrzyk found out that this person had gotten in trouble and was working as a substantial assistant, he went and said that he knew of crack cocaine dealers and drug violation, that he would be willing to help out with this person. That person introduced me to John Pyrzyk and I interviewed him.
Q. And approximately how long, if you recall, did that occur prior to the incident that we are going to talk about on February 14th of 1997?
A. Maybe a year-and-a-half prior to that.
Q. And in that year-and-a-half, did you have the occasion to work with John Pyrzyk in his capacity as a confidential informant?
A. Yes, I did.
Q. How did you find his work to be?
A. Everything he did for us he was very trustworthy and reliable.
Defense counsel objected and argued that this testimony improperly bolstered the credibility of Pyrzyk and moved to strike the last question and answer. The objection was overruled and the motion was denied. The jury found the appellant guilty of delivery of cocaine and he was sentenced to fifty months in prison. The trial court's failure to sustain the objection and grant the motion to strike constitutes harmful error.
In Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984), while cross examining the defense's main witness, the prosecutor, after establishing the differences between the testimony of the main defense witness and the prosecution witnesses, asked if the state's witness had been lying. In finding that the trial court erred in permitting this attempt to discredit the witness, the court stated:
It is elemental in our system of jurisprudence that the jury is the sole arbiter of the credibility of witnesses. Barnes v. State, 93 So.2d 863 (Fla.1957). Thus, it is an invasion of the jury's exclusive province for one witness to offer his personal view on the credibility of a fellow witness.
Id. at 668.
In Hernandez v. State, 575 So.2d 1321 (Fla. 4th DCA 1991), the defendant was charged with two lewd acts and one lewd assault against two young girls. At trial, the court permitted two police officers and one teacher to testify to their opinions as to the victim's truthfulness. Citing Boatwright, this court held that the cumulative effect of the witnesses' testimonies invaded the province of the jury and constituted error. The court could not say this was harmless error because the testimonies may have affected the jury's verdict. It is especially harmful for a police witness to give his opinion of a witnesses' credibility because of the great weight afforded an officer's testimony. See Gianfrancisco v. State, 570 So.2d 337 (Fla. 4th DCA 1990). This is all the more significant when the witness whose credibility is bolstered is the only eye witness to testify about the transaction.
The remaining issue raised on appeal is without merit.
Reversed and remanded for a new trial.
KLEIN and TAYLOR, JJ., concur.