752 So.2d 719 (2000)
Richard E. MASERI, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D99-2651, 3D99-1842.
District Court of Appeal of Florida, Third District.
March 8, 2000.
*720 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH, and RAMIREZ, JJ.
RAMIREZ, J.
Appellant Richard E. Maseri appeals revocation of his probation and imposition of sentence for five charged offenses in case nos. 92-31699 and 92-2706 combined.[1] The State concedes that the revocation of probation was improper as to the sole charge in case 92-31699 and as to three of the four charges in case no. 92-2706 because the statutory maximum permissible sentence for the underlying offenses expired prior to the filing of the affidavit of violation of probation. Thus, we reverse the revocation of probation as to those charges. As to the remaining charge of grand theft in case no. 92-2706, we affirm the probation revocation and sentence entered.
At the probation revocation hearing of June 15, 1999, the court set aside Maseri's plea, revoked his probation, and sentenced him to five years in state prison. The trial court found, in light of the evidence before it, that Maseri had violated a number of terms of his probation, including, but not limited to, the following: First, Maseri tendered an initial restitution payment of $20,000 to the court, as part of his negotiated plea agreement, having derived those funds from an illegal source. Second, Maseri failed to list his employment address in his monthly reports to his probation officer. Third, Maseri traveled outside the United States on numerous occasions without first obtaining the permission of his probation officer. Probation may be revoked upon a showing that the probationer deliberately and willfully violated a condition of probation. See Howard v. State, 484 So.2d 1232, 1233 (Fla.1986); Arias v. State, 751 So.2d 184 (Fla. 3d DCA 2000). A trial court has broad discretion to determine whether a condition of probation has been violated. See Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996). The question we must address on review of an order revoking probation is whether the trial court abused its discretion. See Arias; see also Glabman v. State, 509 So.2d 1337 (Fla. 3d DCA 1987); Van Wagner vs. State, 677 So.2d at 317.
We find that the testimony of the witnesses at the revocation hearing, including Maseri's own testimony and that of his probation officer, together with other evidence presented, supports a prima facie case that the probationary terms were violated. Therefore, the trial court had sufficient and substantial evidence before it upon which to support a finding that Maseri willfully violated his probationary terms. Thus, it was not an abuse of discretion to revoke Maseri's probation and impose sentence consistent therewith.
Reversed in part and affirmed in part.
NOTES
[1] In case no. 92-31699, Maseri was charged with and convicted of one count of grand theft. In case no. 92-2706, Maseri was charged with and convicted of one count of grand theft, two counts of uttering a forged check, and one count of unauthorized use or possession of a driver's license. As to all charges, Maseri entered his plea of nolo contendere on November 10, 1992, was adjudicated guilty, and was sentenced to ten-years probation in each of the two cases, to run concurrently.