798 So.2d 809 (2001)
Gloria Ann ACOSTA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2943.
District Court of Appeal of Florida, Fourth District.
October 24, 2001.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
We reverse appellant's convictions for uttering a forged instrument and grand theft because of a statement by a police officer bolstering the credibility of a witness.
The basis of the charges in this case were that appellant and two other people forged and cashed a check. One of the others involved, Riley, admitted her complicity, and testified for the state. After the state's handwriting expert testified, defense counsel asked the expert whether he knew what happened to any handwriting samples taken from witness Riley. The expert answered that the only samples submitted to him were of appellant's handwriting.
Following that testimony, the state recalled the detective and asked him why handwriting samples had not been taken from Riley. Appellant objected, but the court overruled the objection. The detective answered: "Up until that point, everything Sarah Riley told me appeared to be truthful." Appellant then moved for a mistrial, but the trial court denied the motion, instead instructing the jury to disregard the comment.
*810 It is clearly error for one witness to testify as to the credibility of another witness. Boatwright v. State, 452 So.2d 666, 668 (Fla. 4th DCA 1984)("It is an invasion of the jury's exclusive province for one witness to offer his personal view on the credibility of a fellow witness."). It is especially harmful where the vouching witness is a police officer because of the great weight afforded an officer's testimony. Page v. State, 733 So.2d 1079 (Fla. 4th DCA 1999).
We conclude that the most logical inference for the jury to have drawn from the detective's statement is that everything he had originally been told by Sarah Riley, about the appellant and Riley having committed the crime with which appellant was charged, "appeared to be truthful." Riley was the key witness for the state, and the state's case hinged primarily on her credibility. She was an admitted participant in the crime, but was not charged. She testified that she had not, but that the appellant had forged the check. The state's handwriting expert could only corroborate her testimony to the extent he believed it was "probable" that it was appellant's handwriting. He found significant similarities between the signature on the check and appellant's handwriting, and dissimilarities which could not be accounted for. This expert has various classifications which he uses to explain the strength of his opinion, and this classification was third from the strongest.
Because Riley's testimony was crucial and the defense's main emphasis was on her lack of credibility, we cannot agree with the State that the error was harmless or that it was cured by the instruction. We therefore reverse and remand for a new trial.
DELL, J., concurs.
GUNTHER J., dissents with opinion.
GUNTHER, J., dissenting.
I respectfully dissent.
In my view Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984) does not support the majority's position in this case.
In Boatwright, this Court addressed, inter alia, a witness' testimony in front of the jury that other witnesses who had testified in the case were lying. See id. at 668.
In the case at bar, the comment made by the detective regarding Riley's credibility was completely unrelated to her testimony under consideration by the jury. In fact, the detective's statement was in response to the prosecutor's inquiry into the reason the detective initially did not take Riley's handwriting sample. As such, the detective's statement did not actually attempt to bolster the credibility of the witness' testimony, but rather was intended to explain his earlier course of action.
While I agree that in our system of jurisprudence the "jury is the sole arbiter of the credibility of a witness," I believe a more reasoned reading of Boatwright applies its rule of law only when a witness comments on the credibility and veracity of another witness' in-court testimony, not when, as here, the witness' testimony is unrelated to the material issues in dispute, but instead to a general comment on the witness' investigation. Id.
The detective testified, "[u]p until that point, everything Sarah Riley told me appeared to be truthful." (Tr. at 148.) Given the phrase "up until that point," it is implausible to argue that the detective's testimony bolstered Riley's credibility. The logical inference from that statement is that at that point, the detective determined that Riley was no longer credible. *811 The detective did not testify that Riley was a truthful person, or that Riley was telling the truth, he simply stated that until that point in time he had no reason to disbelieve Riley's story, therefore, he did not take her handwriting sample. It is a quantum leap to the conclusion drawn by the majority, that the detective's testimony removes from the province of the jury the determination of Riley's credibility.
Therefore, I respectfully dissent and would affirm.