801 So.2d 1001 (2001)
Miguel PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-856.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This court affirms the revocation of the appellant's probation and imposition of sentence of 288 months in prison. The appellant was charged with violating his probation by changing residences without first obtaining the consent of his probation officer and by leaving the scene of an accident. (A third violation was alleged but is not at issue here.)
The trial court found, after receiving testimony and evidence, that the appellant moved from his approved residence without obtaining the consent of the probation officer and the appellant had left the scene of an accident. The trial court found both violations to have been willful and deliberate.
The standard of review in a probation revocation case is "abuse of discretion." In probation revocation cases the trial court has broad discretion to determine whether a condition of probation has been violated. The trial court's findings will be affirmed absent an abuse of discretion by the trial court. See Maseri v. State, 752 So.2d 719, 720 (Fla. 3d DCA 2000).
Testimony of witnesses at appellant's probation revocation hearing, including his own testimony and that of his *1002 probation officer, together with other evidence presented, supported revocation of his probation. Therefore, the trial court had sufficient and substantial evidence before it upon which to base the revocation. Thus, the trial court did not abuse its discretion in revoking the appellant's probation and imposing sentence.
AFFIRMED.
STONE, STEVENSON, JJ., and CLARK, NIKKI ANN, Associate Judge, concur.