CANADY, J.,
dissenting.
I disagree with the majority’s conclusion that the trial court’s denial of Tumblin’s motion for mistrial constituted an abuse of discretion. I would affirm Tumblin’s convictions and sentences because I conclude that there is no basis for reversal.
Under the abuse of discretion standard that governs our review of the trial court’s denial of the mistrial motion, “the trial court’s ruling should be sustained unless no reasonable person would take the view adopted by the trial court.” Overton v. State, 801 So.2d 877, 896 (Fla.2001). A trial court should grant a motion for mistrial “only when the error committed was so prejudicial as to vitiate the entire trial.” Cobb v. State, 376 So.2d 230, 232 (Fla.1979). That is, declaring a mistrial is appropriate only when doing so “is necessary to ensure that the defendant receives a fair trial.” Cole v. State, 701 So.2d 845, 853 (Fla.1997). “In this State the rule has been long established and continuously adhered to that the power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done only in cases of absolute necessity.” Salvatore v. State, 366 So.2d 745, 750 (Fla.1978); see also England v. *1105 State, 940 So.2d 389, 402 (Fla.2006); Pagan v. State, 830 So.2d 792, 814 (Fla.2002); Thomas v. State, 748 So.2d 970, 980 (Fla.1999).
Given this rule, which governed the trial court’s consideration of the motion for mistrial, it is unwarranted to conclude that “no reasonable person would take the view adopted by the trial court” in denying the motion. Overton, 801 So.2d at 896.
I acknowledge that this Court has recognized that allowing “a police witness to give his opinion of a witnesses] credibility” is “especially harmful.” Seibert v. State, 923 So.2d 460, 472 (Fla.2006) (quoting Page v. State, 733 So.2d 1079, 1081 (Fla. 4th DCA 1999)). The special concern associated with such improper testimony does not, however, justify a categorical rule that such errors are remediable only by declaring a mistrial. The error should instead be assessed within the context of the trial to determine whether corrective action short of a mistrial is sufficient to avoid a prejudicial impact that vitiates the entire trial. As with other errors, such improper testimony justifies a mistrial “only in cases of absolute necessity.” Salvatore, 366 So.2d at 750.
Here, the context supports the conclusion that a reasonable trial judge could decide that striking the improper testimony and giving a curative instruction would be adequate “to ensure that the defendant receive[d] a fair trial”. Cole, 701 So.2d at 853. The single reference to Mayes’ credibility was indirect and apparently uncalcu-lated. We have previously held that where an improper reference “was isolated and appearfed] to have been inadvertent,” “[t]he trial court was well within its discretion to determine that the statement did not prevent [the defendant] from having a fair trial.” Merck v. State, 664 So.2d 939, 941 (Fla.1995).
Although Mayes’ testimony clearly was a significant part of the State’s case against Tumblin, it is unjustified to conclude that “the state’s case hinged primarily on [Mayes’] credibility.” Acosta v. State, 798 So.2d 809, 810 (Fla.App.2001) (emphasis added). Substantial evidence other than Mayes’ testimony was presented to show not only that Tumblin was involved in the robbery and murder but also that Tumblin — rather than Mayes— shot the victim. Jean Nicole Ruth testified that Tumblin made statements shortly after the crimes occurred implicating himself in the shooting. Tumblin’s sister Rhonda gave testimony establishing that Tumblin owned and possessed the murder weapon prior to the crimes. The evidence at trial also established that shortly after the crimes, the murder weapon was found in Tumblin’s bedroom in Rhonda’s house, a location to which Tumblin — and not Mayes — had returned after the murder. Accordingly, even if Acosta was correctly decided, the instant case is distinguishable.
The trial court did not abuse its discretion in determining that Tumblin was not entitled to a mistrial. The convictions and sentences should be affirmed.
POLSTON, J., concurs.