DAMOORGIAN, C.J.
In this consolidated appeal, Derrick Murdock appeals the order revoking his probation and the judgments and sentences which resulted from the probation revocation.[1] On appeal, Murdock argues that the trial court erred in permitting the state to cross-examine him in connection with the credibility of the state’s own witnesses. Additionally, Murdock points out that the order revoking his probation is deficient because the trial court failed to enter a written order specifying which conditions of probation were violated. We affirm the revocation of probation and the resulting judgments and sentences, but remand for the trial court to enter a written order.
Murdock was charged with violating the terms of his probation after being charged with committing lewd or lascivious battery on a victim between the ages of 12 and 16. Murdock denied committing the new law violation and demanded an evidentiary hearing.
At the hearing, the state presented evidence showing that Murdock’s DNA was found inside the victim. Murdock testified on his own behalf and denied ever meeting the victim. During cross-examination, the state asked Murdock the following:
State: So the CODIS system that said your DNA matched, the CODIS system was wrong according to you because you never had sex with her, right?
Murdock: Never had sex with her.
State: [The DNA analyst] who tested your DNA swab and compared it to the DNA profile she got from [the victim], she’s wrong according to you because you never had sex with her, correct?
Murdock: Yes.
State: And [the State’s expert] who looked at all the results and everything conducted by [the DNA analyst], he is also wrong because you never had sex with her, correct?
Murdock: Yes.
At the conclusion of the hearing, the trial court revoked Murdock’s probation and imposed concurrent state prison sentences.
“The standard of review in a probation revocation case is ‘abuse of discretion.’ ” Perez v. State, 801 So.2d 1001, *291 1001 (Fla. 4th DCA 2001). The standard of review of a trial court’s ruling on the scope of cross-examination is also abuse of discretion. Eliakim v. State, 884 So.2d 57, 60 (Fla. 4th DCA 2004) (citing White v. State, 817 So.2d 799, 806 (Fla.2002)).
“It is clearly error for one witness to testify as to the credibility of another witness.” Acosta v. State, 798 So.2d 809, 810 (Fla. 4th DCA 2001). The purpose of this prohibition is to avoid invading the province of the jury. See Seibert v. State, 923 So.2d 460, 472 (Fla.2006) (quoting Knowles v. State, 632 So.2d 62, 65-66 (Fla.1993)). In this case, the state was not seeking to have Murdock testify as to the credibility of the state’s witnesses. Rather, the state sought to highlight the inconsistency between Murdock’s testimony that he never met the victim and the overwhelming evidence that Murdock’s DNA was found inside the victim. Accordingly, we find no error in the state’s cross-examination.
Murdock also contends that this case should be remanded because the trial court failed to render a written order memorializing its oral finding that Murdock willfully, materially, and substantially violated the terms of his probation. We agree. See Robinson v. State, 74 So.3d 570, 572 (Fla. 4th DCA 2011) (affirming the trial court’s order revoking the defendant’s probation but remanding the case with directions to enter a formal written order). A written order does not exist in this case. Accordingly, we remand for entry of a written order specifying the conditions of probation that were violated.

Affirmed and Remanded with instructions.

GERBER and CONNER, JJ., concur.

. This appeal was consolidated because the challenged order revoking Murdock's probation applies to charges filed in two separate cases for delivery of cocaine and grand theft, respectively.