DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHAEL ROUNDTREE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-498

[ August 27, 2014 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 2010CF014859AMB.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Appellant, Michael Roundtree, challenges his convictions for armed robbery and two counts of false imprisonment. We reverse, concluding that the trial court erred in admitting an interrogation of appellant which primarily consisted of the officer expressing his personal opinion as to appellant's guilt.

The relevant facts are as follows. On the morning of December 12, 2010, a man robbed a store in West Palm Beach. The incident was captured on the store's surveillance video. The robber was wearing a cloth rag on his head and a mask that covered his face from the nose down.

The robber showed the two store clerks an object that appeared to be a gun. The robber grabbed money, MP3 players, and deodorants. He told the two store employees to go inside a storage room and to wait there while he took some things. He then shut the door behind them. The employees waited in the room for about twenty minutes and then called the police.

Neither store employee could identify the robber.

The robber was not wearing gloves when he handled the deodorant containers. Before exiting the store, the robber left some deodorants on the counter. A certified print examiner went to the store after the robbery and processed the scene for fingerprints. There were several latent fingerprints of value found on the deodorants that the robber handled. All of the identifiable fingerprints on the deodorants matched appellant's fingerprints.

In January 2011, an officer interrogated appellant. Most of the interview was played to the jury, but the trial court excluded a portion of the interview containing a reference to appellant having been in jail.

In the interview, the officer repeatedly accused appellant of committing the robbery and appellant repeatedly denied committing the robbery. Appellant told the officer that he shopped at the store "a couple of weeks ago," but appellant could not give an exact date.

When appellant continued to maintain his innocence, the officer stated: "I'm not going to believe you, I'm not going to change my mind. I've seen it on video and I have your fingerprints, okay? That's how I got you here today."

The back-and-forth between appellant and the officer continued for a while. The officer reiterated his opinion as to appellant's guilt and appellant continued to deny that he robbed the store.

Appellant again stated: "I didn't rob anybody." The officer replied: "You did." Appellant then said: "You keep saying that. You ain't going to believe me regardless." The officer replied: "I'm not – I've got video and scientific proof, okay?"

Later, the officer showed appellant the surveillance video of the robbery and said: "You start talking to her and I guess just forgot about the deodorants. That's all we have. That's all I need to (unintelligible) and the deodorants are right there. (Unintelligible.)" Appellant responded, "(Unintelligible) I'm guilty regardless."

Appellant's wife testified for the defense, claiming that appellant was at home with her on the morning of December 12, 2010. She also testified that about two weeks before Christmas in 2010, she and appellant were at the store in question to pick up a few items, including deodorants. The deodorants were for each member of the family. Appellant's wife had

grabbed three or four deodorants. When she met appellant at the front of the store, she saw that he had also grabbed several deodorants, so she told him to place the deodorants back on the shelf.

The jury found appellant guilty of robbery with a firearm and two counts of false imprisonment. This appeal ensued.

A trial court's decision on the admissibility of evidence is reviewed under an abuse of discretion standard. *Hudson v. State*, 992 So. 2d 96, 107 (Fla. 2008). But the trial court's discretion is limited by the rules of evidence. *Id.*

Because a witness's opinion as to the credibility, guilt or innocence of the accused is generally inadmissible, "it is especially troublesome when a jury is repeatedly exposed to an interrogating officer's opinion regarding the guilt or innocence of the accused." *Jackson v. State*, 107 So. 3d 328, 339-40 (Fla. 2012). Nonetheless, "a police officer's statements during an interrogation are admissible if they provoke a relevant response or provide context to the interview such that a rational jury could recognize the questions are interrogation techniques used to secure confessions." *Id.* at 340.

In *Jackson*, the Florida Supreme Court held that the trial court abused its discretion in admitting the defendant's videotaped interrogation in which the officers repeatedly expressed their opinions about the defendant's guilt. *Id.* at 330, 341-42. The supreme court explained that while the detectives may have intended to secure a confession by consistently expressing their conviction as to the defendant's guilt, they did not secure a confession throughout their dialogue. *Id.* at 341. Moreover, although the detectives' opinions about the defendant's guilt and the weight and sufficiency of the evidence were not expressed during in-court testimony, admission of these statements essentially permitted the State to improperly elicit police opinion testimony and invade the province of the jury. *Id.* Even to the extent the detectives' statements did yield somewhat relevant responses, our supreme court explained that this evidence should not have been admitted, as the statements had minimal probative value when compared with the inappropriate statements by the detectives. *Id.* at 341-42.

The present case is governed by *Jackson*. During the interrogation, the officer repeatedly expressed his personal belief that appellant was guilty. Moreover, here, as in *Jackson*, the vast majority of the officer's statements did not provoke relevant responses from appellant. Indeed, the officer never secured a confession from appellant. In addition to the officer's

repeated opinions about appellant's guilt, the jury was also permitted to hear a statement by the appellant which, because of its ambiguity, had little or no evidentiary value. The quip—"(Unintelligible) I'm guilty regardless"—cannot fairly be interpreted as an admission of guilt under the circumstances of this case. Appellant's statement must be examined in the context of the entire interrogation. When appellant's statement is read in context, we interpret the statement as meaning that the officer would consider him guilty *regardless* of his protestations of innocence. This is the only interpretation that makes sense in light of appellant's repeated denials that he committed the robbery, the officer's statements to the effect that he was not going to believe appellant, and appellant's reply to the officer that "[y]ou ain't going to believe me *regardless*." (Emphasis added.) Any relevance of appellant's statement— "(Unintelligible) I'm guilty regardless"—was minimal in comparison to the impropriety of admitting the officer's opinions as to appellant's guilt.

Accordingly, we find that the trial court should have excluded the entire interrogation at trial. *See Pausch v. State*, 596 So. 2d 1216, 1219 (Fla. 2d DCA 1992) (finding that the jury "could not have reasonably been expected to isolate and extract from the recording that which was admissible as evidence of the crime while disregarding the aspersions of guilt created by [the detective's] words").

Although we conclude that the trial court committed error by admitting the interrogation under the facts of this case, we take the opportunity to acknowledge that situations may exist where "the prejudice of an interrogating officer's statements could be obviated or reduced by reading a limiting instruction to the jury." *Jackson*, 107 So. 3d at 341 n.15. In *Eugene v. State*, 53 So. 3d 1104 (Fla. 4th DCA 2011), we gave an example of an instruction that a trial judge might use to address the problem of unfair prejudice when a defendant's interrogation contains accusatory non-hearsay statements by police officers:

> A recorded police interrogation of the defendant has been introduced into evidence in this trial. During the interrogation, any statements made by the police interrogator are not to be considered by you jurors as evidence of the defendant's guilt. The statements made by the police interrogator during the interview of the defendant have not been introduced into evidence to prove the truth of the matters asserted in those statements. In fact, the statements made by the police interrogator during the interrogation of the defendant may be false and misleading. It is permissible for a police officer conducting an interrogation of a defendant to

4

make false and misleading statements to the defendant in order to further the aims of the interrogation. However, it is not permissible for you jurors to rely on such police interrogator's statements as proof of the defendant's guilt.

*Id.* at 1112 n.4. In cases where an interrogating detective's statements about a crime provoke relevant responses from the defendant, we would encourage trial judges to "instruct the jury on the limited purpose for which the jury has been allowed to hear the interrogator's statements." *Id.*

In conclusion, we find that the admission of the officer's statements during the interrogation permitted the state to elicit a police officer's opinion as to appellant's guilt, thereby invading the province of the jury. In this contested identity case, we cannot conclude that the error was harmless beyond a reasonable doubt. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). We reverse and remand for a new trial.[1]

*Reversed and Remanded.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The remaining issues are either moot or without merit.