IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SHANE FLOYD,

       Appellant,

v.                                                                   Case No.  5D21-2645
                                                                     LT Case No. 2015-CF-303492-CFDB

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed October 21, 2022

3.850 Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

Deana K. Marshall, of Law Office of
Deana K. Marshall, P.A., Riverview,
for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.


EVANDER, J.

Shane Floyd appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief in which he alleged that his trial counsel provided ineffective assistance. We reverse the summary denial of his third claim, but we otherwise affirm.

Floyd was convicted of three counts of sexual battery and one count of lewd and lascivious molestation. The two alleged victims were less than twelve years of age. Prior to his arrest, Floyd was interviewed by two detectives regarding the allegations against him. During the interview, the detectives made several comments vouching for the credibility of the child victims. Those statements implicitly suggested the detectives' belief that Floyd was guilty of the alleged offenses. While the State argued below that the detectives' comments elicited probative statements from Floyd about the reasons the children might make such allegations against him, the detectives did not elicit any admission of guilt. Notably, Floyd's trial counsel did not seek redaction of any of the statements from the recorded interview that was published to the jury.

In summarily denying this claim, the trial court found that Floyd's trial counsel had made a strategic decision "to keep certain portions of [Floyd's] interrogation, at the cost of not redacting other portions of the same interrogation." Citing to *McMillian v. State*, 214 So. 3d 1274, 1286 (Fla.

2017), the trial court further found that "a jury may hear an interrogating detective's statements about a crime when they provoke a relevant response from the defendant being questioned." We respectfully disagree with the trial court's analysis.

Generally, an evidentiary hearing is required before concluding that certain action or inaction by trial counsel was the result of a strategic decision. *Patrick v. State*, 246 So. 3d 253, 264 (Fla. 2018); *see also Hipley v. State*, 333 So. 3d 1194, 1196–97 (Fla. 5th DCA 2022) ("Ordinarily, the 'denial of a claim of ineffective assistance based on a finding that counsel was engaging in reasonable trial strategy generally should only be made after an evidentiary hearing.'"). Here, it cannot be determined from the documents attached to the trial court's order that trial counsel's failure to seek redaction of the detectives' comments was the result of a strategic decision.

Furthermore, although interrogating detectives' statements can be understood by a jury to be "techniques" used to secure confessions, *see, e.g.*, *McWatters v. State*, 36 So. 3d 613, 638 (Fla. 2010), "[a] witness's opinion as to the credibility, guilt, or innocence of the accused is generally inadmissible, [and] it is especially troublesome when a jury is repeatedly exposed to an interrogating officer's opinion regarding the guilt or innocence

3

of the accused." *Roundtree v. State*, 145 So. 3d 963, 965 (Fla. 4th DCA 2014) (quoting *Jackson v. State*, 107 So. 3d 328, 339-40 (Fla. 2012)); *see also Page v. State*, 733 So. 2d 1079, 1081 (Fla. 4th DCA 1999) ("It is especially harmful for a police witness to give his opinion of a [witness's] credibility because of the greater weight afforded an officer's testimony.").

Because the trial court did not address the prejudicial effect of the detectives' statements, we remand for the trial court to consider the prejudice prong set forth in *Strickland v. U.S.*, 466 U.S. 668, 694 (1984). If the record does not conclusively refute Floyd's claim that he was prejudiced by his trial counsel's alleged ineffective assistance, the trial court shall conduct an evidentiary hearing on this claim.

AFFIRMED, in part; REVERSED, in part; REMANDED.


LAMBERT, C.J., and HARRIS, J., concur.