DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT JOSEPH GOLDSMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D2022-1632 and 4D2022-2863

[April 3, 2024]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case Nos. 17-000368CF10A and 07-013734CF10A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences after a jury found him guilty of one count of delivery of cocaine and two counts of third-degree felony murder. The defendant also appeals from those offenses having been used as the primary basis for the revocation of his community control probation and ensuing sentence on prior convictions.

The defendant argues the circuit court reversibly erred in three respects, by: (1) denying the defendant's motion for mistrial after the state, over defense objection, used a testifying police officer to improperly bolster the state's confidential informant's credibility, by vouching for the informant's past credibility; (2) trying the defendant to a six-member, rather than a twelve-member, jury; and (3) imposing certain investigative costs and supplemental prosecution costs on his new convictions, where competent substantial evidence did not support these costs and/or the appropriate agency did not request the costs.

The first argument constitutes harmless error under the facts here, as we will explain below. The defendant's second argument has been rejected in *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *review denied*, No. SC22-1597, 2023 WL 3830251 (Fla. June 6, 2023). The defendant's third argument regarding the costs has merit, as we will explain below. Thus, we affirm the defendant's new convictions and ensuing sentences, and affirm the revocation of the defendant's community control probation and ensuing sentences on his prior convictions. However, we reverse that portion of the defendant's sentences regarding the costs on his new convictions. We remand for the circuit court to assess the proper prosecution costs and to determine whether to assess the subject investigation costs.

### *Harmless Error in Allowing a Testifying Police Officer to Vouch for the Confidential Informant's Past Credibility*

The defendant and the state commendably have agreed on a brief recitation of the record facts leading to the issue on appeal regarding a testifying officer vouching for the confidential informant's past credibility.

The police used the informant to arrange a $100 crack cocaine purchase from the defendant. The informant made several phone calls and sent several text messages to the defendant in which they discussed the deal and where they would meet to conduct the transaction. The informant and the defendant eventually settled on conducting the transaction behind an apartment complex.

Immediately before the transaction was to occur, the police searched the informant, and he did not already possess any drugs or money. The police outfitted the informant with a recording device, and provided him $100 for the transaction. The police told the informant to say "good deal" after the transaction was complete to signal the police waiting nearby to descend upon the scene and arrest the defendant.

After the transaction occurred, the informant gave the "good deal" signal. The informant immediately met with the police waiting nearby and gave them a bag containing crack cocaine. The police searched the informant, who no longer had the $100 provided to make the purchase.

Meanwhile, other officers on the scene closed in on the defendant, who was in his vehicle. The defendant drove his vehicle away at a high rate of speed, but quickly crashed the vehicle into a nearby canal, where the vehicle became submerged. The defendant was able to get out of the vehicle and swim to shore. When the police asked the defendant if

anybody else was inside the vehicle, the defendant initially was evasive. But the defendant then told police that two friends were inside the vehicle. At that point, several officers jumped into the canal and tried to rescue the two people inside the vehicle, but they could not get inside the vehicle. Fire rescue divers arrived on scene soon afterwards, but also could not get inside the vehicle. Eventually, a tow truck pulled the vehicle out of the water, and the two victims' deceased bodies were discovered inside. The medical examiner's autopsy determined both victims had drowned.

The state charged the defendant with one count of delivery of cocaine and two counts of third degree felony murder. Those charges also served as the state's basis to charge the defendant with violating his community control probation on prior convictions.

Having presented that factual background, we now turn to the trial testimony which led to the issue on appeal, when one of the police officers vouched for the informant's past credibility for purposes of this case.

The officer testified the informant had worked for the police for three years, and the officer had served as the informant's handler. The state asked the officer: "If an informant is later determined to not be reliable, what happens to that informant?" The officer testified: "He is no longer going to be used." The state then asked: "[D]uring the time that [the informant] had been a[n] ... informant while you were in the [u]nit, was he determined to be credible and reliable with the information he would bring to you?" The officer testified: "Absolutely."

Defense counsel objected to this testimony as bolstering and moved for a mistrial. At sidebar, defense counsel argued: "That is solely the [j]ury's job, to determine the reliability of a[n] [informant], not the [officer] to testify about that." The circuit court overruled defense counsel's objection and denied the mistrial motion.

During the state's rebuttal closing argument, the state asked the jury to "trust what [the informant] did that day." However, the state then also noted: "[I]t's on video, so you don't have to take [the informant] at his word, it also comes from the [d]efendant's own mouth, his admissions." The state then remarked: "[The officer] testified that, ... if they get bad information from a[n] ... informant, they don't use that informant anymore. They don't try to cover it up by charging someone with a crime." The state then again noted: "The crime happened, it's on video."

As indicated above, the defendant's appeal argues the circuit court erred in denying the mistrial motion after the state, over defense objection,

had used the officer to improperly bolster the informant's credibility by vouching for the informant's past credibility. The defendant adds the state compounded the error by improperly bolstering the informant's credibility again during its rebuttal closing argument. Anticipating the state's answer brief might argue that any error was harmless, the defendant's initial brief argues the state cannot prove beyond a reasonable doubt that the error did not contribute to the verdict.

The state's answer brief indeed responds: "In the event such evidence crossed the line, the error was harmless since, in addition to the video and audio evidence of the transaction, [the defendant] admitted to selling cocaine to the informant and driving the vehicle into the canal, which led to the victims' deaths."

Our standard of review is abuse of discretion, limited by the rules of evidence. *Shermer v. State*, 16 So. 3d 261, 265 (Fla. 4th DCA 2009). Applying that standard of review, we conclude the circuit court erred in overruling defense counsel's bolstering objection. However, we conclude the error was indeed harmless, and therefore affirm the circuit court's denial of the mistrial motion.

"[I]mproper vouching or bolstering [of witness testimony] occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony." *Jackson v. State*, 147 So. 3d 469, 486 (Fla. 2014) (citation and quotation marks omitted). "It is elemental in our system of jurisprudence that the jury is the sole arbiter of the credibility of witnesses. Thus, it is an invasion of the jury's exclusive province for one witness to offer his personal view on the credibility of a fellow witness." *Boatwright v. State*, 452 So. 2d 666, 668 (Fla. 4th DCA 1984) (internal citations omitted).

*Jennings v. State*, 294 So. 3d 378 (Fla. 4th DCA 2020), on which the defendant relies, is instructive. We held a circuit court presiding over a delivery of cocaine trial had erred in overruling defense counsel's objection to a detective's testimony that the detective had "found the informant to be reliable in the past." *Id.* at 380. In concluding the error was harmful, we reasoned: "The jury may have dismissed any potential misgivings about the informant's credibility based on the lead detective's opinion that the informant has been reliable in the past." *Id.* at 382. We further reasoned the "improper vouching was especially harmful because it came from a police officer," and "the harm was enhanced when the informant whose credibility was bolstered was the only person within close proximity to the seller in the transaction." *Id.*

4

Similarly, in *Page v. State*, 733 So. 2d 1079 (Fla. 4th DCA 1999), on which the defendant also relies, a police officer testified he had worked with an informant for a year-and-a-half before the drug buy at issue and "[e]verything he did for us was very trustworthy and reliable." *Id.* at 1081. Defense counsel objected, arguing this testimony improperly bolstered the informant's credibility. *Id.* The circuit court overruled the objection. *Id.* In concluding harmful error had occurred, we reasoned: "It is especially harmful for a police witness to give [an] opinion of a witness['s] credibility because of the great weight afforded an officer's testimony. This is all the more significant when the witness whose credibility is bolstered is the only eye witness to testify about the transaction." *Id.* (internal citation omitted).

Turning to the instant case, however, as we had noted in *Jennings*: "Improper bolstering is subject to harmless error analysis." 294 So. 3d at 382. And unlike the facts in *Jennings* and *Page*, the facts here indeed render the circuit court's error in overruling the bolstering objection as harmless. As the state's answer brief responds:

> Admittedly, [the officer's] isolated response that the informant was credible and reliable in the past appears improper in light of … *Jennings* … and *Page* … upon which [the defendant] relies. However, those cases are distinguishable because any error that may have occurred in this case was harmless in the face of … [the defendant's] admissions as well as video and audio evidence.

> … [I]n *Page*, the error was reversible because the informant was the sole witness to testify about the drug transaction since audio to law enforcement was lost when defendant drove informant to a different location. 733 So. 2d at 1080-81. Likewise, in *Jennings*, the witness informant was the only [person] in close proximity to the transaction. 294 So. 3d at 382.

> In stark contrast, [the instant defendant] admitted to [police] selling the crack cocaine to the informant. He likewise admitted to driving the vehicle with the victims into the canal. Officers witnessed [the defendant] drive the vehicle into the canal. Audio and video recordings of the entire transaction, including [the defendant's] attempt to flee which led to the victims' deaths were also in evidence. Additionally, the informant did not return with the money [which law enforcement had] provided [him] for the transaction but did return with crack cocaine. The cocaine in question was

admitted into evidence. Moreover, it was undisputed that the victims died from drowning due to [the defendant's] actions.

... [F]aced with the above evidence, there was no possibility that the [officer's brief and isolated] comment contributed to the verdicts in this case. *See State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986). ... *Cf. Lopez v. State*, 711 So. 2d 563, 564 (Fla. 2d DCA 1997) ("[T]he informant's credibility *vel non* played no role in the conviction. The State based its case on evidence of Lopez's constructive possession of the cocaine found in the vehicle and the bedroom closet; it did not rely on testimony by the informant or on any information furnished by him. Further, the detective's testimony about the informant was not a feature of the trial and was not again brought to the jury's attention. Any error in this regard was harmless.") (citation omitted)).

(internal record citations omitted).

Further, contrary to the defendant's assertion here, the state did not "improperly bolster the informant's credibility again during its rebuttal closing argument." As the state's answer brief responds, its rebuttal closing reference to the officer's testimony "that, ... if they get bad information from a[n] ... informant, they don't use that informant anymore," spoke directly to the evidence, i.e., the officer's testimony. As for the state's directive to the jury to "trust what [the informant] did that day," as the state's answer brief further responds:

The jury did not have to consider the non-testifying informant's credibility because it had [the defendant's] own admission as well as the video and audio evidence. *See, e.g.*, *U.S. v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) ("When the prosecutor voices a personal opinion but indicates this belief is based on evidence in the record, the comment does not require a new trial.")[.]

Based on the foregoing conclusion of harmless error, we affirm the circuit court's denial of the defendant's mistrial motion.

### *Reversible Error in Imposing Certain Investigative Costs and Supplemental Prosecution Costs*

Section 938.27, Florida Statutes (2021), pertinently provides:

6

(1)   In all criminal and violation-of-probation or community-control cases, convicted persons are liable for payment of the costs of prosecution, ***including investigative costs*** incurred by law enforcement agencies, … ***if requested by such agencies***. …

….

(4)   Any dispute as to the proper amount or type of costs shall be resolved by the court by the preponderance of the evidence. ***The burden of demonstrating the amount of costs incurred is on the state attorney***.   The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant is on the defendant.

….

(8)   Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control.   ***The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.*** …

§ 938.27(1), (4), (8), Fla. Stat. (2021) (emphases added).

Regarding ***prosecution costs***, as we stated in *Taylor v. State*, 352 So. 3d 346 (Fla. 4th DCA 2022):

> To set a higher amount [than the minimum amount for which section 938.27 provides], the state attorney must demonstrate the amount spent on prosecuting the defendant and the trial court must consider the defendant's financial resources.

> When a trial court imposes a prosecution cost above the statutory minimum, but sufficient proof is not shown, the cost is stricken.

*Id.* at 349 (citations and internal quotation marks omitted).

Applying that holding to *Taylor*'s facts, where "no record evidence support[ed]" the above-the-statutory-minimum prosecution cost imposed

by the trial court, we "reverse[d] the trial court's denial of the [Florida Rule of Criminal Procedure] 3.800(b) motion on this issue and remand[ed] the case to the trial court to assess the proper prosecution cost." *Id.* (citing *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) (reversing trial court's denial of motion to correct sentencing error and remanding for factual findings to support the imposition of costs above the statutory minimums)).

Here, as the defendant's initial brief submits:

> [T]he State requested $820.95 in supplemental [prosecution] costs ... but[—as the defendant asserted in his unsuccessful Florida Rule of Appellate Procedure 3.800(b) motion—the record does not reflect the State] present[ed] any evidence at the sentencing hearing or at any other time to justify any amount of cost of prosecution above the statutory minimum. Therefore, it was error for th[e] [trial] [c]ourt to grant the State's request and impose the supplement[al] [prosecution] costs ....

(internal citation omitted).

Accordingly, as in *Taylor*, we reverse on this argument and remand for the circuit court to assess the proper prosecution cost. 352 So. 3d at 349.

Regarding ***investigative costs***, as we also stated in *Taylor*:

> "The burden of demonstrating the amount of [investigation] costs incurred is on the state attorney." § 938.27(4), Fla. Stat. (2021). Where the State does not introduce competent substantial evidence to meet its burden, Florida courts have routinely struck the cost of investigation. *See, e.g.*, *Negron v. State*, 266 So. 3d 1266, 1267 (Fla. 5th DCA 2019).
>
> Furthermore, section 938.27(1), Florida Statutes (2021), provides a defendant must pay investigation costs only if the agency [which] incurs that cost requests it. Prosecutors are not authorized to request costs on behalf of an agency without that agency's request. *See Lippwe v. State*, 152 So. 3d 782, 783 (Fla. 1st DCA 2014) ("We also point out that 'investigative fees' that are not 'costs for the state attorney' ... must be requested on the record by the appropriate agency."). But investigation costs "need not be supported by evidence if the

defendant affirmatively agrees to pay the requested amount."
*Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021).

352 So. 3d at 349.

Here, both sets of investigative costs were erroneously imposed for two reasons: (1) the record does not reflect that the appropriate agency or agencies requested the investigative costs; and (2) competent substantial evidence does not support the investigative costs.

The state's answer brief argues competent substantial evidence existed to support these costs, because the circuit court's costs orders stated: "[D]ocumentation was either shown or there was agreement." However, as the defendant's reply brief submits, given the absence of any record documentation supporting the costs or the defendant's agreement to the costs, the orders' language is clearly erroneous.

Thus, as in *Taylor*, we reverse on this argument and remand for the circuit court to determine whether to assess the subject investigation costs. *See id.*

### *Conclusion*

Based on the foregoing, we affirm the defendant's new convictions and ensuing sentences, and affirm the revocation of the defendant's community control probation and ensuing sentences on his prior convictions. However, we reverse that portion of the defendant's sentences regarding the costs on his new convictions. We remand for the circuit court to assess the proper prosecution costs and to determine whether to assess the subject investigation costs.

*Convictions and revocation of community control probation affirmed; sentences affirmed in part and reversed in part; remanded with instructions.*

GROSS and CONNER, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

9