# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1538
LT Case No. 2021-CF-008444-A

_____

KISSY TERICE JOVAN MACKEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
London Mahogany Kite, Judge.

Rick A. Sichta and Susanne K. Sichta, of The Sichta Firm, LLC, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.

February 6, 2026

ON MOTION FOR REHEARING

HARRIS, J.

Upon consideration of the State's Motion for Rehearing, we grant rehearing, withdraw our previous opinion, and substitute this opinion in its place.

Kissy Terice Jovan Mackey appeals the judgment and sentence entered against her. Mackey argues that the court committed reversible error when it allowed the State to introduce a lengthy videotape of her police interview in which the investigating officers repeatedly expressed their personal opinions about her guilt and that they believed she was lying. We agree and reverse and remand for a new trial.

The State charged Mackey by amended information with being an accessory after the fact to capital murder by knowingly giving false information to law enforcement concerning the murder of Mackey's boyfriend, Kelvin Saffore.

On August 3, 2021, Detective Jeno Weaver responded to a homicide at a residence in Jacksonville. Weaver, who was the lead homicide detective, learned that the deceased person was Saffore, that there was a fire at the residence, and that Mackey was an eyewitness. Weaver subsequently developed Russell Brown as a suspect based on evidence found at the scene. Brown was charged and eventually convicted of first-degree murder.

Over the course of the investigation into Brown, law enforcement learned that Mackey and Brown were in a romantic relationship. Mackey also gave several conflicting and misleading statements about her conduct and observations on the night Saffore was killed. As a result, Mackey was formally interviewed by law enforcement on two separate occasions. The second interview, recorded and ultimately played for the jury in Mackey's trial, provides the basis for Mackey's appeal.

During the interview, the detectives made dozens of comments to Mackey accusing her of lying and indicating that they knew she was involved in Saffore's murder. These comments included statements such as, "your lies are starting to come apart," "you are lying," "everything you told us is a lie," "we can tell that you're lying," "you've engaged in a pattern of lying," and "we know you are lying." Mackey's counsel did not object to each of these statements, but when an objection was made, the court ruled that the series of statements from the officers accusing Mackey of engaging in a pattern of lying was admissible. This was error.

A jury may hear an interrogating detective's statements about a crime when the statements provoke a relevant response from the defendant being questioned. *See Eugene v. State*, 53 So. 3d 1104, 1112 (Fla. 4th DCA 2011) (citing *Jackson v. State*, 18 So. 3d 1016, 1031–32 (Fla. 2009)). "When placed in 'their proper context,' an interrogating detective's statements to a suspect could be understood by a 'rational jury' to be 'techniques' used by law enforcement officers to secure confessions." *Id.* (quoting *McWatters v. State*, 36 So. 3d 613, 637 (Fla. 2010)). However, "a witness's opinion as to the credibility, guilt or innocence of the accused is generally inadmissible, [and] 'it is especially troublesome when a jury is repeatedly exposed to an interrogating officer's opinion regarding the guilt or innocence of the accused.'" *Roundtree v. State*, 145 So. 3d 963, 965 (Fla. 4th DCA 2014) (quoting *Jackson v. State*, 107 So. 3d 328, 339–40 (Fla. 2012)); *see also Page v. State*, 733 So. 2d 1079, 1081 (Fla. 4th DCA 1999) ("It is especially harmful for a police witness to give his opinion of a [witness's] credibility because of the great weight afforded an officer's testimony."). "Police officers, by virtue of their positions, rightfully bring with their testimony an air of authority and legitimacy. A jury is inclined to give great weight to their opinions. . . ." *Tumblin v. State*, 29 So. 3d 1093, 1101 (Fla. 2010) (quoting *Bowles v. State*, 381 So. 2d 326, 328 (Fla. 5th DCA 1980)).

Mackey relies on *Jackson*, in which the Florida Supreme Court reversed and remanded for a new trial based on the trial court's erroneous admission of a taped interrogation where the officers repeatedly provided their opinions of guilt without eliciting a relevant response. 107 So. 3d at 341. The Court held:

> While the detectives may have intended to secure a confession by consistently expressing their conviction in Jackson's guilt, they did not secure a confession throughout their thirty-seven minute dialogue. In addition, although the detectives' opinions about Jackson's credibility, guilt, and the weight and sufficiency of the evidence were not expressed during in-court testimony, admission of these statements essentially permitted the State to improperly

> elicit police opinion testimony and invade the province of the jury.

*Id.* The Court found that the trial court abused its discretion in admitting the videotaped interrogation at trial and that the error was not harmless. *Id.* at 342.

The facts here are similar to *Jackson*. Prior to detectives repeatedly accusing Mackey of lying, their questions and statements elicited relevant responses. However, once they began stating that she was lying, Mackey repeatedly stated that she had no reason to lie. As in *Jackson*, Mackey never provided a relevant response to the detectives claims that she was lying. The objected to comments—that the detectives could tell when someone is lying and that Mackey engaged in a pattern of lies and was guilty of being an accessory after the fact—were improper and it was error to admit them.

While the detectives may have intended to secure a confession by consistently expressing their conviction in Mackey's guilt, they never did. Admission of these statements "essentially permitted the State to improperly elicit police opinion testimony and invade the province of the jury." *Jackson*, 107 So. 3d at 341; *Pausch v. State*, 596 So. 2d 1216, 1219 (Fla. 2d DCA 1992) (finding it unreasonable to expect the jury to extract admissible evidence while disregarding the aspersions of guilt created by police officer's inadmissible statements).

The State argues any error was harmless because: Mackey was resolute that she was not lying; the court's instruction was adequate; and the prosecutor did not mention or allude to the officers' comments in closing argument. We find that the State has not met its burden in showing that the error was harmless. "[T]he limited probative value of [Mackey's] statements was outweighed by the prejudicial effect of the detective's opinion as to [Mackey's] guilt." *Gaines v. State*, 155 So. 3d 1264, 1272 (Fla. 4th DCA 2015) (reversing for new trial where recorded interview was published for jury wherein detective stated that defendant was lying several times and was guilty and finding that error was not harmless). The comments resulted in an unfair trial where Mackey's credibility was a feature of the trial. *See Roundtree*, 145 So. 3d at 967 ("[W]e

4

find that the admission of the officer's statements during the interrogation permitted the state to elicit a police officer's opinion as to appellant's guilt, thereby invading the province of the jury.").

Accordingly, we reverse the judgment and sentence and remand for a new trial.

REVERSED AND REMANDED.

LAMBERT and KILBANE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____